* The cause stood continued for advisement, and now, [* 501 ] at this term, the opinion of the Court was delivered by
Parsons, C. J.
The plaintiff, in an action of the case, demands damages of the defendant, for the neglect of his duty, as a constable of the town of Orange. The substance of the plaintiff’s demand is, that having sued out an original writ of attachment against Benjamin Porter, his debtor, the defendant, as a constable of Orange, by virtue thereof, attached two cows, shown to him, by the plaintiff, as Porter’s property; that having recovered judgment, against Porter within thirty days, he delivered his execution to the defendant to execute; who, regardless of his duty as a constable, *438 and intending to wrong the plaintiff, and deprive him of the benefit of his attachment, neglected to levy the execution on the said cows, or on any other property of Porter’s, but levied it on his body, and returned that the two cows had been rescued from him, and that for want of property he had arrested Porter’s body, and had committed him in execution. And the plaintiff further complains that Porter was discharged upon taking the insolvent debtor’s oath. ■ By reason whereof, the plaintiff has lost the benefit of his attachment, and his debt and costs.
The defendant pleaded the general issue, and offered in his defence evidence to prove that the cows,- when attached, were not, and never were afterwards, the property of Porter, but. of one Johnson and one Eddy. This evidence the judge rejected. The defendant then offered the same evidence in mitigation of damages, and the judge again rejected it; for which cause the defendant has filed his exceptions, and moved for a new trial.
• It appears to us that the wrong complained of is the defendant’s neglect to seize the cows on the execution, to the plaintiff’s injury; and we are satisfied that, under the general issue, the defendant may prove that he was guilty of no neglect, and that the plaintiff has sustained no injury by bis nonfeasance.. And proof that the cows were not the property of Porter when attached, nor ever after, would be good evidence that the defendant is in no default, but would have been a trespasser, had he seized the cows. Under this impression, we think the evidence offered was improperly rejected.
[ * 502 ] * If it had been urged for the plaintiff that he has not alleged the property of the cows to be in Porter, and therefore the property of them was not in issue, it might have been answered that the plaintiff has suffered no damage whatever by the defendant’s conduct, if the cows were not the property of Porter, and that the evidence could not injure him. And it may be added that, after a verdict for the plaintiff, the insufficiency of the declaration may be considered as cured by it; for it appears that the plaintiff’s title to damages is not in itself defective, but only defectively stated, and that the jury would not have given a verdict for him, unless it had been proved that the property of the cows was in Porter.
Upon the whole, we are of opinion that the verdict ought to be set aside, and a new trial granted.
The Chief Justice then observed that, at a conference of the judges, his brother Sedgwick had expressed his full concurrence in the opinion that the evidence had been improperly rejected.