The opinion of the Court was delivered by
Paddock, J.
This action is brought against Joseph Weeks, the former sheriff of this county, to recover the damages the plaintiffs have sustained by means of the said Weeks not keeping safely, and delivering over to be sold on execution, certain property valued at $350, which the said Weeks, in the capacity of sheriff, had previously attached on mense process, at the suit of the present plaintiffs, against W. H. Wilkins and >S'. A. Wilkins. In the court below, after the general issue, with notice of special matter, had been pleaded, and after the plaintiffs had shown the facts of record necessary for sustaining their action, together with a legal demand 'upon the receiptors of the property, and a refusal on their part to redeliver it, the defendant, Weeks, offered parol evidence to prove the following facts, to wit ; That Southwick, Cannon 8c Warren delivered him two writs in their favor against the same W.H. Wilkins and S. A. Wilkins; that he made service of both at the same time, by attaching the same property on each writ; and also offered to prove the same by the records of the court; and that previous to the demanding of the property on the execution named in the present suit, the same property had been demanded on the execution issued on the judgement recovered in the other suit; and as it was not delivered up, these plaintiffs instituted their suit against this defendant, in which a judgement was recovered against him for $ ... . and that this defendant, in an after ■suit, recovered the same amount in a judgement against the re-ceiptors of said property. To the introduction of this testimony *52 the plaintiffs objected : but the objection was overruled, and (tie evidence admitted ; and the plaintiffs recovered a judgement in their favor for $31,16 damages, being the balance of the amount of the property, (or the $350,) left in the defendant’s hands after satisfying the judgement recovered against him for the same propr erty, in the other suit.
It is contended by the plaintiffs that an officer’s return is conclusive upon him, and that great injustice and fraud might be the result of opening the door to let in parol evidence to do away or contradict officers’ returns. It is admitted as a general principle, that when an officer has made return of his precept, it becomes a part of the records of the court ; and the officer ought not to be let in with evidence to falsify his return. Such was the decision in Gardner vs. Hosmer, 6 Mass. Rep. 325. But the court do not consider, in this case, that the evidence admitted could haye the effect to falsify the return ; on the contrary, it admitted its truth, and set up new matter in avoidance of the effect of it. Such defences are very common, and which a variety of circumstances might give rise to. For instance, the ownership of the property might be doubted, (Bailey vs. Bates, 8 Johns. 185,) and then it is a statute right, p. 214. The property of a stranger might have been taken, (Fuller vs. Holden, 4 Mass. 498,) and a recovery in trespass against the sheriff; or the property might have been destroyed by some providential act; or the plaintiffs have sustained no damage, having had the entire benefit of the whole property. in short, trespass on the case being an action open for the jury to find such damages as the plaintiffs have sustained, any evidence, not contradicting the return, which goes to defeat the cause of action, or reduce the damages, the officer ought to have the benefit of. Weld vs. Bartlett, 10 Mass. 471. In case of an escape, the statute authorizes the sheriff to introduce testimony in reduction of damages, (p. 218,) and it would be doing manifest injustice to an officer to deny him the right of setting up such a defence. All the plaintiffs claim is, the damages they have sustained from the act complained of, and whether it exceeds or falls short of the former judgement, must depend on the proof in the case. It certainly was competent for the plaintiffs to have rebut-ed the defendant’s testimony, by showing that property other than that returned on the first writ was taken on the other ; but in the absence of any showing on the part of the plaintiffs,as to the property of the Wilkins, the fair presumption is, that they had no other which was attachable than that returned. And if such were *53 the case, as the writs were both served at the same time, and the same property returned on both, where is the injury the plaintiffs have sustained, which they would not, had the return of one the property was taken on the other Writ also ? A case might be supposed where the same property being returned on a second writ between the same parties, would induce a belief in the plaintiff that he had obtained security for his demand, when in fact he had not. For instance, where the plaintiff knew the defendant had several horses, and upon a subsequent writ a horse should be attached, he would have good reason to suppose it was not the one which the same officer had taken on the previous writ, and would therefore rest quiet; when, had he known the fact, he might have caused other property to be taken. But even in such case, it will not be pretended that there could be a recovery against the officer without showing the fact that there was other property ; for it will be presumed that the officer did his business legally and faithfully,until the contrary be made to appear. 3 Stark. 1044. But here there was no reason to presume other than that the property was the same taken on both. The writs were both served at the same time, by the same officer; a variety of articles were attached, and all returned on each writ.
Hunt & Beardsley, for plaintiffs.
Smith, for defendant.
The majority of the Court are satisfied that the verdict did substantial justice to the plaintiffs ; therefore, the judgment of the county court must be affirmed.
Judgement affirmed.
Hutchinson, J. dissented.
*599 The following dissenting opinion of Hutchinson, J., ought to have been inserted at the end of the case, Southwick et al. vs. Weeks; (see ante, p. 49;) but having been mislaid at the time that case was printed, it was omitted.