The opinion of the Court was afterwards delivered by
Morton J.
This action is founded upon the covenants contained in an indenture, of which profert is made in the declaration. The defendant craves oyer of the indenture, which being granted, he sets out the whole instrument and pleads non est factum. There are also several other issues, all of which were found for the plaintiff.
After proof of the execution of the deed,1 the defendant objected to its admissibility, on the ground of a variance between the instrument and the declaration. This objection was overruled, and we have no doubt of the correctness of the decision.
In actions upon instruments, whether under seal or not, it is always competent and proper to declare according to their legal import and effect. If the instrument declared upon contains qualifications or provisos, it is not necessary for the plaintiff to set them forth. If the defendant thinks that the plaintiff has not set out the contract or covenant correctly accord.ng to the true construction of the instrument, he should either *530 plead non est factum generally, or on oyer set forth the whole instrument and demur. In this manner, he might object to the instrument on the ground of variance or raise the question of the sufficiency of the whole declaration. But by spreading the instrument upon the record he makes it a part of the declaration, and thus cures the defects in setting it forth. And if instead of demurring he pleads non est factum, he only puts in issue the execution of the deed. Snell v. Snell, 4 Barn. & Cressw. 741 ; S. C. 7 Dowl. & Ryl. 249 ; Foreland v. Hornigold, 1 Ld. Raym. 715 ; Foreland v. Marygold, 1 Salk. 72 ; Gordon v. Gordon, 1 Stark. R. 294 ; James v. Walruth, 8 Johns. R. 320 ; Henry v. Cleland, 14 Johns. R. 401.
The defendant also moves to set aside the verdict on account of the misconduct of the jury. The conduct complained of related to the assessment of damages. Immediately after the affirmance of the verdict, the chief justice, who presided at the trial, “ at the request of the defendant and with the consent of the plaintiff,” made inquiries as to the manner in which they had computed interest. “ The foreman, in the presence and hearing of the jury, answered that upon the subject of damages there was great diversity of opinion among the jury, that they acted upon no uniform rule but each juror fixed the sum he thought right, and these were all added together and the aggregate divided by twelve, and that die average thus ascertained was the sum inserted in the verdict as damages.”
Two inquiries naturally suggest themselves in the consideration of this motion. Were the facts properly ascertained ? And if so, do they amount to such misconduct as will vitiate the verdict ?
The former practice, both in England and in this country, was to admit the testimony of jurors in regard to their own misbehaviour. Grinnell v. Phillips, 1 Mass. R. 541 ; Smith v. Cheetham, 3 Gaines’s Rep. 57. See also a note in % Greenl. 41, in which all the authorities are collected. But this practice was broken in upon by Lord Mansfield in Vaise v. Delaval, 1 T. R. 11, and has ever since been holden to be improper and dangerous. The rule is now perfectly well *531 settled in both countries and may be laid down to be, that the estimony of jurors is inadmissible to show their own misbehaviour, but may be received to explain or contradict other evidence tending to impeach their conduct. 2 Greenl. 41.
The present case does not come within this rule. The jurors were not called by either party to testify ; but in the discharge of their official duty they answered certain inquiries put to them by the Court. They acted as jurors, and not as witnesses — under their official oath, not under an oath to testify. This too was done with the assent of both parties, and neither of them can now be permitted to object to it.
This practice does not depend upon the consent of the parties. The presiding justice has a discretionary power to make such inquiries of the jury in relation to the business before them, as the proper administration of justice may require. Such has ever been the usage of this Court. It sometimes happens, that the verdict first returned by the jury is not entirely certain, or does not precisely meet the issue joined, or some of the issues do not appear to be definitely found. In such cases, before the verdict can be drawn in form, it is not only proper, but necessary, to ascertain from die jury the real meaning of their finding, that when the verdict is affirmed it may with certainty express the true intent of the jury, or that the jury may again be sent out for further deliberation, if any material question appears not to have been determined by them.
And even after the verdict has been affirmed and recorded, it may be important to the due administration of justice or to prevent unnecessary litigation, to ascertain whether certain points have been determined, and how they have been determined. It is not uncommon to have several grounds relied upon in a trial, when it cannot be ascertained from the verdict itself upon which ground it was found. In such cases the court will make the proper inquiries of the jury, that if it appear to be found upon an illegal principle or if the jury did not all agree upon any one ground, the verdict may be set aside. Hix v. Drury, 5 Pick. 296 ; Pierce v. Woodward, 6 Pick. 206 ; Parrott v. Thacher, 9 Pick. 426.
This is however a disc etionary power, which the court will *532 exercise very sparingly and with great caution. But it is believed to be a power not dangerous ór liable to abuse, and one which, if discreetly exercised, will facilitate legal investigations, restrain useless litigation and promote justice.
Had the statement of the foreman been a direct answer to-the question of the chief justice, we have no doubt it would have been admissible, and the facts contained in it been properly before the Court for adjudication. It must have been taken to be true, because it would have been made under the sanction of an oath, as much as the verdict itself, or the testimony of a witness upon the stand. But the Court, by putting questions to a jury, are not bound to receive every fact which they may think proper to state. For sometimes statements may be made so irrelevant and foreign to the inquiries put, that they would be clearly inadmissible. And in the case before us, the statement of the foreman was not responsive to the question of the chief justice, but contained facts about which he probably would not have inquired ; and which, upon the defendant’s construction of the answer, it would not have been competent for the jury to disclose. The inquiry was as to the time from which they computed interest; the answer related to the manner in which they determined the amount of damages. The question was proper ; but the answer was irrelevant and seems to us to be inadmissible. Now the jury may have been guilty of misbehaviour ; but if so, we have no evidence of it, and can derive none from them.[1]
But even if we receive and examine the statement of the jury, we do not perceive in it evidence.of misbehaviour. Although the average of the individual opinions of all the jurors w7as finally adopted, yet it does not appear that there was any previous agreement to be bound by such result. To suppose this would be to put upon the language used by the fore *533 man a construction most unfavorable to the jury, whereas we ought to adopt the most favorable one,—to imp ate misconduct, where we are bound to presume good conduct. We think, therefore, that all that can fairly be understood from the statement of the foreman, was, that the jury agreed that each should express his individual opinion, — that the average of the whole should be ascertained, which should be a proposition for the consideration of the jury, and which they might accept, modify, or reject, as they should think best, upon discussion and deliberation. The final adoption of the average does not imply impropriety of conduct, as it must be presumed that ultimately each juror freely assented to it. In this view of the answer of the jury, even if it were regularly before us, we can see no cause for setting aside the verdict.
No authority need be cited to show, that a verdict determined in any form or degree by chance or lot, cannot be sustained. In Warner v. Robinson, 1 Root, 194, and Harvey v. Rickett, 15 Johns. R. 87, where the jury agreed that they should each mark on a paper the sum which he thought the plaintiff ought to recover, then add the whole together and divide by the number of jurors, and that the quotient should, without alteration, be the amount of the damages, the court tould do no less than set aside the verdicts. There can be nc loubt that such a practice might lead to great injustice. For it would enable any one juror, by marking a very large sum, to produce an average which would be unreasonably high and contrary to the opinion of the other eleven jurors.
The impropriety consists in the agreement to be bound by the result. It may be assumed as a truth established by experience, that the judgments of twelve men never will exactly agree upon any doubtful subject. It can never be expected that any set of jurors, in their first opinion, ever will exactly agree as to the amount of damages, which any plaintiff ought to recover. They can only hope to bring their judgments together by making known their respective opinions and views, by comparing them together, and by discussing the whole matter wnh feelings of conciliation and of deference and respect for each others’ judgments. And perhaps a better mode of ascertaining the unbiassed opinion of each individual juror can *534 not be found, than was resorted to in this case. No one was bound by the result. And if the average was finally adopted as the amount of the verdict, it was after a comparison of the different views of all, after due deliberation and full discussion of the whole subject, and by means of reciprocal concessions among the different jurors. It appears to have been freely assented to by all. And we can perceive .no impropriety in the mode of reaching the result or in the final adoption of the amount as the sum of the damages. Goodwin v. Philips, Lofft, 71 ; Lawrence v. Boswell, Sayer, 100; Dana v. Tucker, 4 Johns. R. 487 ; Grinnell v. Phillips, 1 Mass. R. 541.[1]
The motion for a new trial is overruled.
The motion in arrest of judgment cannot be sustained. Although there may be some defects in the manner in which the plaintiff has set forth his title to bis action, yet the title itself is substantially stated, so that a trial has been fairly had upon the real merits of the case ; and it is not within the range of possibility, that the jury could have found for the. plaintiff, without finding every fact which is necessary to establish in the plaintiff a perfect right to recover. Fuller v. Holden, 4 Mass. R. 498; Moor v. Boswell, 5 Mass. R. 806.
The covenant by the defendant, that certain accounts named in the indenture, are by him as he believes justly stated, is a valid covenant, and sufficiently definite and certain to be enforced. It is equivalent to saying, that so far as he knew the accounts were correctly stated. It would be broken only by an intentional misstatement of them. It was, as the defendant’s counsel contended, a covenant against fraud, viz. a covenant that in making up these accounts the defendant had committed no fraud ; and the plaintiff could not recover without proving that he had been guilty of such fraud.
But this by no means shows the covenant to be invalid. It cannot be pretended that this is to be set aside and all the other provisions of the indenture enforced. The indenture has already, in most respects, been executed. The property as *535 signed by it has all passed to and vested in the plaintiff; and there is no rule of law or justice which impairs the validity of this covenant.
This indenture was fairly entered into by the plaintiff, and has, on his part, been executed in good faith. The defendant cannot on any principle be allowed to set up his own fraud for the purpose of avoiding his own covenant.

Judgment on the verdict.

 Randall v. Grover, Coxe’s (N. Jersey) R. 151; Cluggage v. Swan, 4 Binn. 150; White v. White, 5 Rawle, 61; State v. Freeman, 5 Connect. R. 348; Taylor v. Giger, Hardin, 586. Contra. Sawyer v. Stephenson, 1 Breese, 6. See Crawford v. State, 2 Yerger, 60; Ex parte Caykendoll, 6 Cowen, 53; Sargent v.-, 5 Cowen, 106; Ritchie v. Holbrooke, 7 Serg. & R. 458 ; State v. Hascall, 6 N. H. R. 352; Taylor v. Greely, 3 Greenl. 204 ; Straker v. Graham, 4 Mees. & Welsby, 721; Hannum v. Belchertown, 19 Pick. 311; Murdock v. Sumner, 22 Pick. 156.

 See Shobe v. Bell, 1 Randolph, 39; Cowperthwaite v. Jones, 2 Dallas, 55 Mitchell v. Ehle, 10 Wend. 595.