WILLIAM STEELE & al. vs. ALEXANDER H. PUTNEY.

If the owner of an undivided share of goods direct an officer to attach the whole at the suit of himself and others, without knowing at the time that he had any interest therein, he is not *thereby* precluded from recovering the value in an action against the officer.

And if such owner, being also an attaching creditor, after he has knowledge of his interest in the goods, consent that the officer may sell them upon the writs, he is not estopped by this act from showing that he is the owner of a share of the goods sold.

Where an officer attaches goods owned by the debtor and creditor as tenants in common, and sells them on the writ by consent, an action cannot be maintained by the creditor to recover against the officer the proceeds of the sale of his share of the goods without a previous demand.

ASSUMPSIT for goods sold and delivered, and for money had and received. The defendant justified as a deputy-sheriff. The whole of the evidence introduced at the trial, which was before EMERY J. is spread upon the report of the case, as are also eight questions put to the jury to be answered, and the answers thereto. The case will be sufficiently understood from the opinion of the Court without putting down here an abstract of the facts. By consent of the parties a verdict was taken for the defendant, to be set aside, if in the opinion of the whole Court the action could be maintained.

The case was submitted on the briefs of the counsel.

*Fessenden & Deblois,* for the plaintiffs.

This is the proper form of action, and presents the simple question, whether the plaintiffs are entitled to recover of the defendant the amount of their share of the goods sold. Trespass or trover would not lie, because the goods were sold by consent of the plaintiffs. 3 *Black. Com.* 163 ; 3 *Burr.* 1010 ; 1 *Doug.* 138 ; 2 *Com. on Con.* 1 ; 2 *Stark. Ev.* 107 ; 1 *Salk.* 9 ; *Ld. Raymond,* 1007 ; *Portland Bank* v. *Stubbs,* 6 *Mass. R.* 422 ; *Gardner* v. *Dutch,* 9 *Mass. R.* 427 ; *Ladd* v. *Billings,* 15 *Mass. R.* 15 ; *Badlam* v. *Tucker,* 1 *Pick.* 389 ; *Oliver* v. *Smith,* 5 *Mass. R.* 183.

Where the plaintiff's goods are so intermingled with those of the debtor as not to be distinguishable, trover will not lie against the officer until the plaintiff points out his goods and makes a demand

of them. *Shumway* v. *Rutter*, 8 *Pick*. 446 ; *Bond* v. *Ward*, 7 *Mass. R.* 123 ; *Marshall* v. *Hosmer*, 4 *Mass. R.* 60 ; *Perley* v. *Foster*, 9 *Mass. R.* 112.

The jury have found, that when the plaintiffs ordered the attachment, they had no knowledge, that any portion of the goods was their property. Ordering the attachment only furnished a presumption, that the goods did not belong to the plaintiffs. But presumptions must yield when facts appear. *Powers* v. *Russell*, 13 *Pick*. 69 ; 3 *Bl. Com.* 371 ; 1 *Burr.* 422 ; 3 *Dane's Ab. c.* 94, *art.* 1 ; 2 *Burr.* 1072 ; 2 *East*, 472 ; *Garland* v. *Salem Bank*, 9 *Mass. R.* 408 ; 1 *T. R.* 712 ; 5 *Burr.* 2670.

Nor is it an objection to our recovery, that after we knew the goods were ours, we consented to the sale. We had the rights of attaching creditors also, and as such, might consent to the sale. *Stat.* 1831, *c.* 508. The officer was justified in taking the whole property, when the debtors were but tenants in common, and the plaintiffs' interest was to have the goods sold, before their value was diminished, and we had a right to suffer the property to be turned into money, and claim our share.

Nor was any demand on the officer necessary. The commencement of the suit is a sufficient demand. 2 *Stark. Ev.* 94, 95, and cases cited ; *Cooper* v. *Mowry*, 16 *Mass. R.* 5.

*Codman & Fox* for the defendant.

The evidence does not support either count in the declaration. 4 *Mass R.* 382. No implied promise can be raised from the facts. 1 *Dane's Ab.* 222. The plaintiffs have disabled themselves by their own fault from bringing the action. 1 *Dane*, 177, *sec.* 4 ; *Hampshire* v. *Franklin*, 16 *Mass. R.* 86. The plaintiffs are estopped by their own acts from setting up title in the property. *Bonaffe* v. *Woodberry*, 12 *Pick.* 463 ; *Chapman* v. *Searle*, 3 *Pick.* 38 ; 7 *Conn. Rep.* 214 ; *Wallis* v. *Truesdell*, 6 *Pick.* 457 ; 8 *Wend.* 480 ; 9 *Wend.* 65 ; 9 *B. & Cr.* 577 ; 1 *Story's Eq.* 375.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

EMERY J. — Marked as this case is with singularities in the developement of its merits, the finding of the jury has divested it of

every thing which might at first seem to cast a shade about the interest which belonged to the plaintiffs. One of them, *Gilbert*, who appears to be the principal mover in the affairs relating to this concern, on the 28th of *October*, 1836, introduced to *Mr. Codman*, an attorney and counsellor at law, *Mr. Somers*, one of the attaching creditors, and agent for the others, residing in *New-York*, and while writs were in making, volunteered his services in pursuit of an officer to make the attachment of the very property, the proceeds of which, are the subjects of the present suit, as the property of *William S. Roberts*. *Gilbert* also consented to have his own attachment, on the plaintiffs' writ against *Roberts*, *the last* of four suits then commenced by the same lawyer against the same defendant.

Some time afterward, the plaintiffs discovered that *they* were in truth, owners as tenants in common with *Roberts* of a portion of the property which *Gilbert* had ignorantly, and by mistake of his rights, directed to be seized as the property of *Roberts*.

Yet after this information, the plaintiffs consented that the officer now made defendant, should sell the property so attached, without communicating to the officer that they in fact were part owners.

On the 5th of *January*, 1837, *Roberts* requests the defendant to sell the goods attached, agreeably to the statute, and the proceeds of the sale to be holden by the defendant subject to such judgment as may be awarded to the plaintiffs in the writs, which the defendant "may have in his hands."

On the 26th of *January*, 1837, on the back of the same paper, is indorsed, we consent *to the sale of* the property attached on writs in our favor, as within stated; and it is signed by *George Somers, Seth E. Clapp, Clapp & Peirson, Steele & Gilbert*. The signature of all these is by *R. A. L. Codman*, their attorney. *Marshall French* also signed it by *Charles Harding*.

Equally clear with all the foregoing is the proof, by the finding of the jury, that the plaintiffs owned $338 of the proceeds of those goods, so held by the defendant.

But the plaintiffs made no demand on the defendant of the money before the commencement of the suit.

We adopt the views of the plaintiffs' counsel, that the advising or directing the attachment in ignorance of the fact of their com-

mon ownership ought not to be construed to their prejudice. And further, though with some hesitation, we are drawn to the conclusion that the assent to the sale under the circumstances, ought not to deprive the plaintiffs of their interest. Conceding all this, the question still returns, whether the action is *now* maintainable against the defendant, on the facts and circumstances of the case.

It was said, by *Lord Ellenborough*, in *Thurston* v. *Mills*, 16 *East*, 274, that, " there is no case which has determined, that a mere seizure will charge the sheriff in an action for money had and received."

Had not a sale taken place, the question of the defendant's liability, in this form of action, could not be raised.

Our statute of *March* 25th, 1831, *c.* 508, by the first section intended to facilitate the proceedings at law, and make property of a perishable nature, of fluctuating price, or expensive in keeping, the most productive by an early sale, upon the consent of the parties, signified in writing, rather than have it remain in the officer's hands, till after execution should be obtained.

But the money produced by the sale, deducting all charges, is to be retained by the attaching officer, and stand bound to respond the judgment to be rendered upon such writ in the same manner, as if the goods had remained specifically in the hands of such officer, and had been sold on execution.

The seventh section provides for a sale at the request and on the responsibility of the plaintiff, when property is attached on mesne process, and is claimed by a person not party to the process, if he omit for ten days after notice given him therefor, by the attaching creditor, to bring an action of replevin, in the same manner as on executions; unless the defendant also claim the property in his own right, and forbid the sale. But no such sale is to impair the right of persons claiming the property, to maintain his action of trespass against the officer for taking it.

No such action of trespass could have been supported by the plaintiffs *here* against the defendant. For if a sheriff have a precept against a tenant in common of a personal chattel, he may lawfully attach the whole, and on execution sell the undivided interest of the debtor, and the purchaser would be tenant in common

with the other owner. 1 *Salk.* 392; *Scrugham* v. *Carter,* 12 *Wend.* 131.

The property when attached, and the proceeds of the sale, are deemed to be in the custody of the law. But the law does not intend that one man's property shall be taken to pay another's debt. Hence a sheriff, after return of sale on *fieri facias,* of part, was permitted to show, that the goods belonged to the assignees of the defendant. *Brydges & al.* v. *Walford,* 1 *Stark. Rep.* 313; *Fuller* v. *Holden,* 4 *Mass. R.* 498; *Tyler* v. *Ulmer,* 12 *Mass. R.* 163. If the sheriff had paid the money to either of the other creditors, they would have been bound to refund it to the plaintiffs, because their suits were not against *Steele & Gilbert,* and they would have no right to appropriate the plaintiffs' goods to pay *Robert's* debts. *Coppendale* v. *Bridgden & al.,* 2 *Burrow,* 814.

Where an officer has seized and sold the whole of partnership effects, on execution against one, it is the officer's duty to pay over to the other partner his proportion of the avails. *Eddie* v. *Davidson, Douglas,* 650.

Yet in this case the officer was led along to the sale by the acts of the plaintiffs. And it would be a deep reproach to the administration of justice, for Courts to fail of protecting innocent officers in the fair execution of their duty, so far as they can legally extend that protection against proceedings calculated to mulct the sheriff in costs. It is in evidence, that the dispute is between the *New-York* creditors, and the plaintiffs. Be it so. Still the plaintiffs insist, that no demand on the officer was necessary, that the commencement of the suit is a sufficient demand.

We are of opinion, that where property situated like that in question, has been sold by consent, a demand should first be made of the officer in whose hands it is placed. *Wilder* v. *Bailey, & Trustee,* 3 *Mass. R.* 294, 295. And we are further of opinion, that notwithstanding we are satisfied, that the plaintiffs ought to hold $338 of the proceeds of sale, and that on proper demand previous to the commencement of the suit, the verdict should have been amended, still there are authorities, that if a sheriff be sued without any previous demand of the sum levied on execution, the Court will, on application, stay the proceedings against him, on

payment of that sum, *without costs*.    Dale v. *Birch & al.* 3 *Camp.* 347 ; 3 *B. & A.* 696.

As the present case stands however, no such demand having been made, though hereafter, upon a new suit, he may be holden, there must be judgment on the verdict.