Sawyer *v.* Mason.

BENJAMIN F. SAWYER *versus* JAMES MASON *et al.*

The liability of the receipters for property attached is limited by that of the attaching officer, and when that has been discharged the receipters are no longer holden.

The officer may show that the property attached did not belong to the debtor and the same defence is open to the receipters, unless they have suffered their own goods to be attached and without interposing any claim have receipted for them, in which event they would not be permitted to avoid their liability.

The right of redemption of personal property mortgaged is attachable on mesne process by virtue of St. of 1835, c. 188.

The sum at which property attached is valued in a receipt, is *prima facie* the measure of damage.

If there be an over valuation it may be shown in reduction of damages.

THIS was an action of assumpsit on a receipt given by the defendants to the plaintiff, a deputy sheriff, for certain articles of household furniture of the estimated value of one hundred dollars, which were attached by him on a writ in favor of *Nathan P. Davis* v. *Benj. Graffam.* The receipt recited the articles attached to be the property of the defendant in the suit on which they were attached.

Judgment was duly recovered in the suit *Davis* v. *Graffam,* at the April Term, 1840, of the Supreme Judicial Court — and within thirty days after the rendition of judgment, the goods attached were demanded by the plaintiff — a demand having previously been made on him — but were not delivered up.

The articles attached, excepting one dining set and looking glass, of the value of fifteen dollars, had been mortgaged to one Rooney previous to said attachment — but that fact was unknown to the officer making the attachment. The mortgage was not then required by law to be recorded and was not. Since the attachment and before judgment in the suit against Graffam, one Hay purchased of the mortgagee the property mortgaged, cancelled the mortgage, and paid the mortgage notes by giving new notes with surety to Rooney for the amount due him. As a further consideration he paid other debts of Graffam not secured by the mortgage — and a debt secured by

a mortgage given since the attachment — these payments in all amounting to one hundred dollars.

The case was submitted to the Court upon so much of the foregoing statement of facts as they should adjudge to be legal and competent testimony. If the plaintiff is entitled to recover, the Court are to assess the damages with costs, otherwise the plaintiff is to become nonsuit.

The cause was argued in writing by *Codman & Fox*, for the plaintiff, who contended that the receipt admitted the property attached to be Graffam's, and that the defendants were estopped to contest his ownership. *Johns* v. *Church*, 12 Pick. 561 ; *Robinson* v. *Mansfield*, 13 Pick. 144. The value of the property is fixed by the agreement of parties. It is in the nature of fixed and stipulated damages. *Lowe* v. *Peers*, 4 Burr. 2225 ; *Birch* v. *Stephenson*, 3 Taunt. 469 ; *Farrant* v. *Olmius*, 3 B. & A. 692.

The interest of the mortgagor was attachable by virtue of St. 1835, c. 188, § 2. The equity of redemption was worth more than the plaintiff's debt — and, as it appears from the evidence, has been sold for more.

*J. Appleton*, contra, contended, that the liability of the receipter was limited by that of the officer. *Carr* v. *Farley*, 3 Fairf. 328. It is a good defence to show that the property attached does not belong to the debtor. *Tyler* v. *Ulmer*, 12 Mass. R. 169 ; *Loomis* v. *Green*, 7 Greenl. 390 ; Story on Bailments, 98. The officer here is not entitled to recover, for he is answerable to no one for damages. *Fisher* v. *Bartlett*, 8 Greenl. 124.

The articles attached were mortgaged at the time of the attachment and have since been sold for the benefit of the mortgagee. The interest of the debtor, Graffam, was not liable to attachment by virtue of the provisions of St. 1835, c. 188. It could only be reached in one of three ways ; 1st, by trustee process ; 2d, by a tender of the mortgagee's claim, and selling the property as in other cases. Neither of these modes was adopted ; 3d, the statute provides as follows, " or the plaintiff may at-

tach the property so pledged, mortgaged or held, and sell the same on execution as in other cases, subject however to the rights and interest of such mortgagee, pledgee or holder." This proviso could not have been intended to authorize an attachment without a tender, for it would be absurd to allow a man's property to be taken out of his possession, " subject to his rights," and detained for years to await the result of a contested action between other parties, and then sell it on execution. The statute says nothing of attaching on *mesne process;* but refers only to attaching and taking on execution.

The property could not have been taken out of the possession of the mortgagee by the officer or receipter, without being liable as trespassers.

The value of the property is not found by the agreed statement of facts — and had it been sold at auction would not have been sufficient to meet the mortgage debt. If so, then the plaintiff is not entitled to recover.

The opinion of the Court was delivered by

Weston C. J. — The defendants are liable to the plaintiff in this action, according to the terms of their contract. But his right to prosecute has been understood to depend on his liability over to the attaching creditor, wherever it has been made to appear, in suits upon receipts of this description, that such liability does not exist, or has been discharged, the receipters have not been holden. Apparently every thing has been done here to render the officer accountable for the property attached, and the defendants are therefore liable to him unless the facts by them adduced would be available in defence by the plaintiff, the officer, against the claims of the creditor.

If the officer has returned an attachment of the personal property of the debtor, he may notwithstanding show, against the creditor, that he acted under a misapprehension, and that the property did not in truth belong to the debtor. *Fuller* v. *Holden,* 4 Mass. R. 498. It is said, however, that the receipters are estopped to do this, against the admissions in their receipt. And in aid of this position, the cases of *Johns* v.

*Church,* 12 Pick. 557, and of *Robinson* v. *Mansfield et al.* 13 Pick. 139, have been cited. It was there held, *that a receipter is estopped to set up property in himself.* And with good reason; for if he will suffer his own goods to be attached as the property of another in his presence, without interposing his claim, and will thereupon recognize the title of the debtor thereto, by an instrument under his hand, he should not be permitted afterwards, to avoid his liability as receipter, any more than he would be permitted to defeat a sale of his goods, which he sees made as the property of another, without notifying the purchaser of his own title.

But the right of another is a very different affair. The receipter may have been ignorant of it, at the time of his contract. He is bound to yield to the superior title of the true owner; and if he can furnish the officer with the means of defending successfully against the claims of the creditor, there is no just reason why he should be further holden. It may however deserve consideration, whether, if he would avoid his contract, this should not be done at his expense.

A portion of the property attached was not included in the mortgage, and for this the defendants are clearly liable. With respect to other parts of the property, they do not show, that it did not belong to the debtor. He had undoubtedly an attachable interest in it, subject to the right of Rooney, the mortgagee. St. of 1835, c. 188. They might not be able to resist the claim of Rooney to take possession, but they could do nothing, by their voluntary act, to prejudice the rights of the attaching creditor.

With regard to George S. Hay, we think he must be regarded as holding under the debtor, since the attachment. He succeeded to his establishment; and in part consideration of his purchase, discharged a subsequent mortgage, and discharged the demands of certain other creditors. The case states, that he purchased of Rooney, the mortgagee, but he did not take an assignment of the mortgage. He caused that to be cancelled. All that he paid was for the benefit of the debtor, and this after the attachment. There was sufficient to pay the

mortgagee, and to cover the attachment, at the time it was made. And we are of opinion, that the facts agreed, in respect to this part of the property, are not sufficient to discharge the defendants from their contract. They have not succeeded in showing, that the plaintiff would not be answerable to the creditor; but the aspect of the case does rather justify a different conclusion.

As the whole amount, at which the property was valued in the receipt, is wanted to satisfy the judgment of the attaching creditor, and there is no evidence, that it was an over valuation, that sum should be the measure of the plaintiff's damages.

*Judgment for plaintiff.*