## CHARLES D. BURT *vs.* JOHN PERKINS & another.

A payment by an insolvent debtor to a preëxisting creditor is valid, except as against proceedings in insolvency, although both parties know the debtor to be insolvent.

In an action by an attaching officer against a receiptor, the burden of proving that the property did not belong to the person as whose it was attached is upon the defendant.

An action by an attaching officer upon a receipt for certain property attached on mesne process, by which the receiptor agrees to keep and redeliver the property to the officer on demand, may be defeated by proof that it was not the property of the person as whose it was attached.

ACTION OF CONTRACT upon a receipt by which the defendants acknowledged that they had " received of Charles D. Burt, deputy sheriff, for safe keeping," certain goods attached by him by virtue of a writ in favor of James E. Cooley against Perkins, Smith & Co., and agreed " safely to keep and redeliver all of said property above mentioned to said Charles D. Burt, on demand, in like good order and condition that the same now is, free from all expense to said Burt, or pay the said Burt the above named sum in cash, on demand, for value received."

Answer, that said goods were the property of John N. Barbour, and not the property of Perkins, Smith & Co., or of these defendants, or either of them; and that, long before any demand was made for the same by the plaintiff, the same were taken by Barbour into his own possession and custody as owner.

At the trial in the court of common pleas, before *Bishop*, J., the plaintiff testified that " before Barbour took possession of the attached property, and for a long time after, no intimation was given to him that the property attached was claimed as the property of any other than Perkins, Smith & Co.; that the receipt was executed and delivered in the store in which the attached property was; and that thereupon the plaintiff abandoned his attachment, and delivered the property attached to the defendants, without having at any time removed the same from the store aforesaid; that due demand under the receipt was made upon the defendants, and they refused to deliver the property, or its agreed value." This evidence was not controverted by the defendants.

John Perkins, one of the defendants, testified that " previously
to the fall of 1852, the firm of Perkins, Smith & Co., of which
he was a member, were engaged in the manufacture of paper
hangings in New Bedford ; that at that time, being much em-
barrassed and owing more than they could pay, but believing
the business could be made profitable, they were desirous of
connecting themselves with some party or parties who could
furnish means to conduct the business ; and Barbour, a silent
partner in the firm of Banker, Carpenter & Co., to whom they
were largely indebted, consented to take hold of the matter, if
the title to all the property in the business should be vested in
him, and he could have the management and control; where-
upon a bill of sale of all the assets of Perkins, Smith & Co.,
amounting to about $7,500, was made to Barbour, which he
paid for." It was conceded that a considerable portion of the
proceeds of this sale was applied to the discharge of the indebt-
edness of Perkins, Smith & Co., to Banker, Carpenter & Co. ;
but it did not appear what portion.

Perkins further testified " that the property sold to Barbour
was left in the possession of Perkins, Smith & Co., to be sold
on Barbour's account; that the business was thereafter con-
ducted under the name of John N. Barbour & Co., but there
was no company, and that no partnership existed between Per-
kins, Smith & Co. and Barbour; that Perkins was to be paid by
Barbour for his services at the store, by the day ; and that Smith
was to be paid by the day for his services at the factory ; that,
after this arrangement, all goods added to the stock in store
were purchased on account and with moneys of Barbour, and
said firm of Perkins, Smith & Co. continued to act merely as
his agents, and, at the time of the attachment referred to, had
no interest of any kind in any property in said store."

Barbour corroborated the testimony of Perkins, excepting that
he testified that there was no agreement made as to the amount
of the compensation of Perkins, Smith & Co. ; and that Perkins,
Smith & Co. were to receive compensation out of the profits
of the business, and were to be liable for a portion of the losses.

Upon this evidence the plaintiff asked the court to instruct

Burt *v.* Perkins & another.

the jury, " that the payment of the proceeds of the property of Perkins, Smith & Co. to one of their creditors at a time when they were largely insolvent, and knew they were insolvent, and the preferred creditor knew they were insolvent, is a payment in fraud of the existing laws of the Commonwealth ; " " that the burden of proving that the property did not belong to Perkins, Smith & Co. rested on the defendants ; " and " that the plaintiff was entitled to a verdict, as matter of law, upon the evidence in the case that the property was attached in the store of Perkins, Smith & Co. as their property without objection, and was not removed by the plaintiff, and upon the delivery of the receipt was left by the plaintiff with the defendants, in the place where he found it ; notwithstanding the jury should be of opinion that the property was not rightfully attached as the property of Perkins, Smith & Co."

But the court declined to give any of these instructions ; the jury found a verdict for the defendants, and the plaintiff alleged exceptions.

*J. C. Stone,* for the plaintiff. 1. Payment by a debtor to his creditor when the debtor is insolvent, and they both know it, is in violation of the policy of the insolvent laws, and fraudulent.

2. The burden rested upon the defendants to sustain their allegation in avoidance of the plaintiff's claim, that the property attached was not the property of Perkins, Smith & Co., but belonged to Barbour.

3. It was not open to the defendants to avoid their contract by showing that Perkins, Smith & Co. were not the owners of the property attached, because the attachment was dissolved when the receipt was taken, and the property, except as between the creditor and the officer, was no longer to be regarded as in the custody of the law ; the defendants became original contractors, and were bound by their undertaking to return the goods or their agreed value on demand, whether before or after judgment. *Donham* v. *Wild,* 19 Pick. 522. *Denny* v. *Willard,* 11 Pick. 519. *Wentworth* v. *Leonard,* 4 Cush. 414. *Hodskin* v *Cox,* 7 Cush. 471.

Even if the goods were delivered by the plaintiff to the de-

fendants distinctly as the property of Perkins, Smith & Co. they delivered the same to an adverse claimant at their peril, unless they gave the plaintiff notice of such claim, in order that he might defend and protect his rights. *Wentworth* v. *Leonard*, 4 Cush. 414.

*R. C. Pitman*, for the defendants.

METCALF, J. It is no legal ground of exception, that the judge declined to instruct the jury, that payment by Perkins, Smith & Co., from the proceeds of their property, to Banker, Carpenter & Co., their creditors, was in fraud of the insolvent laws. Such instruction, if given, would have been idle, unless it had been followed by the further instruction that, by reason of such fraud on those laws, the sale of the property to Barbour, from which the proceeds which were paid to Banker, Carpenter & Co. were derived, was void as against Cooley, another creditor, for whom the plaintiff attached the same property — a doctrine for which there is no foundation in law. It is only when proceedings in insolvency are instituted against a party who has given a preference to one of his creditors over another, that such preference can be defeated on the ground of its being a fraud on the insolvent laws. *Eastman* v. *Eveleth*, 4 Met. 148, 149. In the present case, it does not appear that such proceedings have been instituted against Perkins, Smith & Co. And if they had been instituted, yet the assignee in insolvency could not recover back the money paid to Banker, Carpenter & Co. *Wall* v. *Lakin*, 13 Met. 167.

2. The instruction as to the burden of proving that the attached property did not belong to Perkins, Smith & Co. we think was wrong. That burden, under the defendants' answer, was on them. Their receipt and promise were *prima facie* binding on them, and it was for them to show that they were not thereby bound. *Powers* v. *Russell*, 13 Pick. 76, 77.

3. The defendants were rightly permitted to show that they were not bound by their receipt and promise, by proving that the property for which they gave their receipt, and which they promised to redeliver to the plaintiff, was not the property of the parties on whom the writ of attachment was served, and

could not lawfully be applied to the payment of the attaching creditor's demand. This has been repeatedly decided. *Learned* v. *Bryant*, 13 Mass. 224. *Dewey* v. *Field*, 4 Met. 383. *Fisher* v. *Bartlett*, 8 Greenl. 122. The plaintiff also, if sued for not seizing the attached property on execution, might defend himself, by showing the same fact. *Fuller* v. *Holden*, 4 Mass. 498. *Cilley* v. *Jenness*, 2 N. H. 87. *Brydges* v. *Walford*, 6 M. & S. 42, and 1 Stark. R. 389, note. *Sawyer* v. *Mason*, 19 Maine, 49.

A new trial must be granted, in consequence of the misinstruction concerning the burden of proof.

*Exceptions sustained.*