## MILLER *vs.* HAMPTON, Adm'r &c.

### [DETINUE FOR SLAVES.]

1. *Charges given on request must be taken by jury on retirement.*—When charges to the jury, in writing, are given by the court at the request of a party, it is the duty of the court to allow the jury to take such charges with them on their retirement, and the refusal to do so is error; the statute (Code, § 2355) is mandatory, and not simply directory.

2. *Estoppel by bond, and en pais.*—A delivery bond, executed by the defendant in detinue, which does not recite any fact showing that the defendant had possession of the property at the service of the writ, does not estop him from showing, in defense of the action, that he did not have the possession of the property at that time; nor does the giving of such bond operate an estoppel *en pais* against him. (Explaining and limiting *Wallis v. Long*, 16 Ala. 738.)

3. *Admissibility of parol to vary date of deed.*—Parol evidence is admissible, to show that a deed or bond was in fact executed on a different day from that stated in it.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. A. COLEMAN.

THIS action was brought by J. W. Hampton, as the administrator of Martha Miller, deceased, against Lucius C. Miller and Matthew R. Miller, to recover several slaves; and was commenced on the 12th March, 1859. The writ was executed by the sheriff, on the day of its date, on both of the defendants, who, on the same day, executed a delivery bond for the forthcoming of the slaves, which was approved by the sheriff on the 14th March, and the condition of which was in the following words: "Whereas the above-named J. W. Hampton did, on the 12th March, 1859, obtain from the office of the circuit court of Walker county a writ or summons against the said L. C. Miller and M. R. Miller, returnable to the spring term of the circuit court of said county; and whereas the sheriff of said county was, by said writ, commanded to seize and take in possession the following slaves," (naming them;) "by virtue

Miller v. Hampton, adm'r &c.

of which summons, H. G. Lollar, sheriff, did take possession of the above-named slaves; now, if the above-bound L. C. and M. R. Miller shall well and truly deliver the above-mentioned slaves to the said J. W. Hampton, administrator as aforesaid, within thirty days after judgment, in case the said Millers fail in the suit, and pay all damages of said property and costs, then the foregoing obligation to be void," &c. The defendants pleaded, "in short by consent," *non detinent*, and the statute of limitations of six years.

On the trial, as the bill of exceptions shows, after the plaintiff had read in evidence the delivery bond executed by the defendants, "the defendants offered evidence showing that said Matthew R. Miller did not have possession of any of said slaves at the commencement of this suit, and that no demand had been made of him for said slaves before the bringing of this suit; and, in connection with this evidence, offered to prove that the name of said Matthew R. Miller, as one of the makers of said delivery bond, was not signed by him. This testimony was offered, as stated at the time, to contradict the recitals of said bond as to possession; the said defendant admitted the bond to be his bond and genuine." The court excluded the evidence, and the defendants excepted.

The court charged the jury, "that the delivery bond given in this case estopped both of the defendants from denying that they had possession of the slaves sued for at the service of the writ;" to which charge the defendants excepted. The defendants asked the court to give several charges, which were in writing, and which the court gave as asked. "The defendants then asked the court to permit the jury to take said charges, so given by the court, with them on their retirement to consider of their verdict; but the court refused to do so; to which refusal the defendants excepted."

The several rulings of the court to which exceptions were reserved, are now assigned as error.

Thos. M. Peters, for appellant.—1. The delivery bond

did not estop the defendants from showing that Matthew R. Miller was not in possession of the property at the service of the writ. It contains no recital of possession by them, or of facts from which such possession can be implied; and its mere execution cannot operate as an estoppel *en pais*, since the plaintiff's conduct could not have been in any manner influenced by it. It was simply intended to secure the delivery of the property to the plaintiff, and the payment of the costs and damages, in the event he succeeded in the suit; and it cannot be extended by construction to purposes not contemplated by the parties. Code, §§ 2192–93; 1 Greenl. Ev. §§ 22–27; 1 Phil. Ev. (C. & H.) 360, 368, and notes; *McCravey v. Remson*, 19 Ala. 430; *Pounds v. Richards*, 21 Ala. 421; *Stone v. Britton*, 22 Ala. 543; *Crutchfield v. Hudson*, 23 Ala. 393; *Ware v. Cowles*, 24 Ala. 446; 14 Ala. 371; 27 Ala. 651; 29 Ala. 233; *Giles v. Pratt*, 2 Hill, (So. Ca.) 439; 1 Car. & P. 22; 2 M. & R. 481; 11 Shep. 332; 7 Conn. 214; 4 Mass. 180, 273; 2 Pick. 425; 9 Pick. 520; 1 Rawle, 141; 2 John. 382; 3 Rand. 563; 8 W. & S. 135; 31 Ala. 532, 575; 7 Barr, 185; 8 Wendell, 483; 9 B. & C. 586; 5 N. H. 453.

2. The jury ought to have been permitted to take with them, on their retirement, the written charges which had been given at the instance of the defendants. This was not a matter of discretion with the court, but a right secured to the defendants by statute. The statute is mandatory, and not directory merely, and it ought to receive such a construction as will effectuate the purposes intended by it.—Code, § 2355; Ex parte *Banks*, 28 Ala. 28, and cases there cited; 1 Bouv. Dic. 473; 4 S. & R. 265; 3 Burr. 2539.

JOHN T. MORGAN, *contra*.—1. As to the conclusiveness of the delivery bond, see *Wallis v. Long*, 16 Ala. 738.

2. That the word *may*, as used in section 2355 of the Code, is directory merely, see Ex parte *Simonton*, 9 Porter, 395; *Walker v. Chapman*, 22 Ala. 116; 17 Ala. 440; 2 Ala. 305; 3 Humph. 157.

R. W. WALKER, J.—1. The Code provides, that "charges moved for by either party, must be in writing; and must be given or refused in the terms in which they are written ; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto ; which thereby becomes a part of the record, and may be taken by the jury with them on their retirement."—Code, § 2355. Under this law, when a party asks a proper charge, he has the right to have it given in the terms in which it is asked ; and, in order that he may have the full benefit of it before the jury, he may demand that it shall be taken with them, so as to be subject to their examination, on their retirement. One of the purposes of the law is, that there shall be no misunderstanding, on the part of the jury, as to the written charges given or refused by the court ; and this end is much more surely attained by having the charges before the jury during their deliberations, than when they are simply read to them by the court, and then withheld from their inspection. When written charges are asked, and either given or refused, the law makes them a part of the record—as much so as the depositions, or other documentary evidence read on the trial ; and both alike should be subject to the inspection of the jury during their retirement. Where numerous charges in writing are asked by counsel, some of which are given, and some refused, it might often happen, if the charges were withheld from the jury, that they would fail to recollect the substance of the charges given, or even confound those which had been given with those which were refused ; and in this way serious injury might result to one of the parties. In cases such as those we have supposed, it would be as reasonable to compel the jury to depend upon their memory as to the contents of the documentary evidence introduced on the trial, as to deny them the possession of the written charges upon the law of the case given by the court. It follows, that the court erred, in refusing to permit the jury to take with them, on their retirement, the written charges which had been given at

the instance of the defendant.—See *Polly v. McCall*, at June term, 1860.

2. The only other question, which we deem it necessary, to notice, is that which is presented by the several charges of the court, to the effect that the delivery bond estopped both the defendants from denying that they had possession of the slaves at the time of the service of the writ.

"The law of estoppel is not so unjust and absurd, as it has been too much the custom to represent. The principle is, that where a man has entered into a solemn engagement, by and under his hand and seal, as to certain facts, he shall not be permitted to deny any matter which he has so asserted."—*Per* Taunton, J., in *Bowman v. Taylor*, 2 Ad. & Ell. 278. The doctrine of estoppel has, however, been guarded with great strictness; not because the party enforcing it necessarily wishes to exclude the truth, for it is rather to be supposed that that is true which the opposite party has already solemnly recited; but because the estoppel *may* exclude the truth. Hence, estoppels must be "certain to every intent, and are not to be taken by argument or inference;" for no one shall be denied setting up the truth, unless it is in plain contradiction to his former allegations and acts.—Co. Lit. 352 (b); 1 Greenl. Ev. § 22; *Bowman v. Taylor*, 2 Ad. & Ell. 278–9.

The delivery bond, executed by the defendants, is set out in the record. The condition, after reciting the issuance of the summons against the defendants, and that the sheriff was commanded thereby to seize and take in possession certain slaves, states that, by virtue of said summons, the sheriff "did take possession of said slaves." It then proceeds—"now, if the above-bound L. C. and M. R. Miller shall well and truly deliver the above-mentioned slaves to the said J. W. Hampton, administrator as aforesaid, within thirty days after judgment, in case the said Millers fail in the suit, and pay all damages of said property and costs, then the foregoing obligation to be void; otherwise, to remain in full force and effect." There is no express acknowledgment in the bond that the defendants, or either of

them, had possession of the slaves at the time of the service of the writ, or the commencement of the suit; nor is their possession a necessary implication from any fact recited in the bond, or from the act of the defendants in executing it. The purpose of the bond was not to admit the possession of the slaves by the defendants, but merely to secure the delivery of the property, and the payment of the costs and damages to the plaintiff, in case he should succeed in the action. The bond might have been given in the terms in which it was executed, whether the defendants had possession or not, or where only one of them had possession. As a general rule, where, at the commencement of the suit, a slave is in the possession of the defendant's bailee for hire, for an unexpired specific period, the defendant cannot be held liable in detinue. If, in such a case, the sheriff was directed to take possession of the slave, the bailor might certainly give a delivery bond in the terms of the one set out in this record, without being thereby estopped from showing in his defense on the trial that he was not in possession of the property at the service of the summons. The only facts distinctly recited are, that the plaintiff had obtained a writ or summons against the defendants; that by said writ the sheriff was commanded to seize and take in possession certain slaves, and that by virtue thereof the sheriff did take possession of said slaves. There is no estoppel by deed, unless the matter is distinctly alleged, and with certainty to every intent. Such an estoppel cannot be extended by intendment or implication to matters which are not clearly within its terms. *Naglee v. Ingersoll*, 7 Barr, 185, 199; *McComb v. Gilkey*, 29 Miss. 146, 190; *Campbell v. Knight*, 11 Shepley, 332; 2 Smith's Lead. Cas. 688; 2 Parsons Contr. 340 (c) and notes. As the recitals of this bond do not admit possession, and as the making of such admission was not the purpose to be effected by the execution of the bond, it cannot operate as a technical estoppel by deed.

Nor can the act of the defendants in executing the bond constitute an estoppel *en pais*. In order to raise an act or

admission of a party from the rank of evidence to the dignity of an estoppel, it must be plainly inconsistent with the evidence which is proposed to be given, and it must have so influenced the conduct of the party by whom it is sought to be used as an estoppel, that he would be injured by allowing evidence to be introduced inconsistent with it.—*Ware v. Cowles*, 24 Ala. 449; *Carter v. Darby*, 15 Ala. 698; *Hunley v. Hunley*, 15 Ala. 91; *Comm. v. Moltz*, 10 Barr, 527; *Dazell v. Odell*, 3 Hill, 219; 2 Smith's Lead. C. (5th Am. ed.) 642–7; 2 Parsons Contr. (4th ed.) 340–1. These requisites of an estoppel *en pais* are wanting here. In the first place, the act of giving the delivery bond is not plainly inconsistent with the fact which the excluded evidence tended to prove—namely, that the slaves were not in the possession of both of the defendants. For the bond might well have been executed by both defendants, although the property was in fact in the sole possession of one of them; or, as we have before suggested, the bond might have been executed by both defendants, although the propty was in the possession of neither, but in that of their bailee for hire. If the act or admission is susceptible of two constructions, one of which is consistent with the fact sought to be proved, the party would not be concluded from establishing it; because to do so might operate to defeat a man's rights by argument or inference, which is not allowable.—*Ware v. Cowles*, 24 Ala. 449. In like manner, it cannot be pretended that the act of the defendants has in any manner influenced the conduct of the plaintiff. It is not shown that he has taken any step in consequence of the execution of the bond, which he would not have taken if the bond had not been given. The summons had been issued, and the property seized under it, before the bond was executed. The issuance of the summons, and the seizure of the property, were the cause, not the consequence of the execution of the bond. As it does not appear that the act of the defendants in giving the bond has induced the plaintiff to alter his condition, or change his course of action, he cannot set it up as an estoppel *en pais*.

Authorities *supra; Copeland v. Copeland*, 28 Me. 525; *Steele v. Putney*, 15 Me. 327; *Heane v. Rogers*, 9 B. & C. 577; *Farrell v. Higley*, Hill & Denio, 87; *Wallis v. Truesdell*, 6 Pick. 455; *Jackson v. Pixley*, 9 Cush. 490; *Decherd v. Blanton*, 3 Sneed, 373.

We do not say that the execution of the bond does not tend to show possession by the defendants, but simply that it does not conclude them, and preclude all proof to the contrary.

In *Wallis v. Long*, (16 Ala. 738,) it was said, that the delivery bond executed by the defendant in that case, which was an action of detinue, "was an admission that he was in possession at the time the writ was executed, and estopped him from denying that fact; but that, as no admission or recital was contained in it, showing possession anterior to that time, it did not preclude the defendant from showing that at the date of the writ he had not the possession." If the bond in this case did not differ in its terms from the one referred to in the case just cited, that decision would be in conflict with the views we have expressed. The bond is not set out in the report of that case; but we have examined the original record, and find that it contains what must be regarded as a distinct admission that the defendant was in possession when the writ was executed. After reciting the issuance of the writ in detinue in favor of the plaintiff against the defendant, and that by virtue of it the sheriff had taken possession of the slave sued for, the bond proceeds thus : " And whereas the said Jeremiah Long is desirous of *retaining the possession* of said slave, *under the hiring which he made of* Wm. Easley, administrator of John Lemmons, deceased," &c. The difference between the bond which was given in that case, and the one now before us, is too apparent to require remark ; and the opinion of the court, giving to that bond the effect of an estoppel upon the question of possession, is in entire harmony with our present decision.

[3.] We suppose that one of the exceptions was intended to present the question, as to the right of the defendants to

show that the bond was not executed on the day on which it bears date; but the exception is not so stated as to raise that question. It is very clear, however, that it is competent to show that a deed or bond was executed on a different date from that stated in it.—*McComb v. Gilkey*, 29 Miss. R. 146, 190.

Judgment reversed, and cause remanded.