Per Curiam.

The testimony of Platt ought to have been submitted to the jury as evidence of the charge contained in the declaration. It related to the acknowledgments of Pease and Tompkins, the reputed and acting deputies of the sheriff. What an accredited agent or a deputy sheriff says, will, in certain cases, be competent evidence to charge the principal; and the question is, whether the acknowledgments, under the circumstances of this case, were not admissible. They were made soon after the delivery of the execution to the deputy Pease ; and though the case is silent on that point, we may well presume that the declarations were made while the execution was still in the defendant’s hands. It was probably, also, a conceded point on the trial, and one which the jury might well have inferred even from the case as it stands, that Platt, the witness, was the attorney or counsel concerned for the plaintiff in the execution; and that the acknowledgments were made to him in that capacity, and in answer to his inquiries in behalf of the plaintiff. Assuming these facts, (and which the case will warrant,) the declarations of the deputies were made to the party concerned, in relation to the business of the execution, and while the obligation of executing it existed in full force. They were made in the course of the transaction, and were to be considered as part of the act of the deputies touching the execution of the writ; and were, therefore, to be received in evidence to charge the defendant as sheriff. The case is thus brought within the reach of the adjudged cases upon this point. (North v. Miles, 1 Campb. 389. Bowsher v. Calley, 1 Campb. 391. note. Helyear v. Hawke, 5 Esp. N. P. 72. Peto v. Hague, ibid. 234. Yabsley v. Doble, 1 Ld. Raym, 190.)
*486 The confessions of the deputies proved the charge of a false return; for the goods in the possession of Tompkins, one of the deputies of the defeudanl, were liable to the execution in the hands of 13&tse, the other deputy-, as that execution was first received, and was to be first satisfied. (Smallcomb v. Buckingham, 1 Salk. 32.)
The nonsuit ought, therefore, to be set aside, and a new trial awarded, with costs to abide the event of the suit.
New trial awarded.