Parker, C. J.,
delivered the opinion of the Court.
Numerous objections have been made to the verdict in this case ; one of which only it would be necessary to decide, as we are all of opinion that one has been sufficiently maintained, to require that there should be a new trial. But, as actions against sheriffs, for the misconduct of themselves or their deputies, are of frequent occurrence, and as several points, necessary to be understood by the community, have been made and argued in this cause, we think it expedient to consider each point distinctly, and to declare the law upon it.
The first objection results from the admission to the jury of the letters of Minott, for whose default the sheriff is now charged, as evidence against the sheriff that the execution was seasonably delivered to Minott, and also as evidence of the value of the property attached on mesne process. It has been argued that these letters can only be considered as the confession of Minott ; and, although proper to be used in an action against him, they could not be so used *147 in an action against the sheriff, who did not make the confession ; and that, at the utmost, they amounted to the declarations of a witness not under oath, which are never admissible.
But we are of opinion that the letters were properly admitted, and properly used by the jury. The action, although in form against the sheriff, is substantially against the deputy, who is immediately answerable over to the sheriff upon his bond, and against whom the verdict may be used as evidence to establish the claim of the sheriff against him. The form of the plea in these cases is, that the deputy, not the sheriff, is not guilty, or does not owe ; and the verdict pursues this plea. It is also well known in practice, that the deputy always considers himself called upon to answer * [ * 167 J through the sheriff, that he employs counsel and makes the defence ; the sheriff being made, by law, the agent to answer for the defaults of his deputies ; but the deputy himself, who commits the default, being substantially the defendant in the suit. We are also well satisfied that the practice has uniformly been, to prove the necessary facts by the confession, oral or written, of the deputy, in actions against the sheriff.†
The next objection is, that evidence was rejected, or, which amounts to the same thing, that the jury were instructed to disregard it, of the impoverished state of the country, as to fodder for cattle, at the time when the attachment was made in this suit ; it being alleged, that, had the officer taken the cattle into his possession at the time, and kept them for execution, the expense would have exceeded the value ; and, indeed, that they could not have been kept alive, for want of food.
Whatever effect this evidence might have had, if offered to excuse the officer for not attaching cattle to secure the debt, there being no other property to attach ; or to justify him for leaving them in the hands of the debtor, or his friends, after he had attached them ; it clearly was not relevant to the case, as it stood in evidence when the depositions containing these facts were rejected. For the officer had attached the cattle, as appeared by his return upon the writ; and he had suffered them to remain where he found them, taking a receipt of the son of the debtor, promising to have them forthcoming when demanded upon execution. The expense or difficulty of keeping them was nothing to the defendant. These fell where they ought by law to fall, namely, upon the debtor ; and the officer’s resort to the receipter will not be liable to objection, on account of the grea *148 expense that might have been incurred in sustaining the cattle. Nor could this evidence have tended to mitigate the damages, as was contended by the counsel for the defendant; for he had made himself accountable for the value of the cattle, at the time the execution ought to have been satisfied, by his treaty with the debtor and his friends.
¡"*168] * Another objection was made to the directions given to the jury upon the subject of estimating the damages ; they having been instructed to give the value of the cattle at the time the execution ought to have been levied ; whereas it should have been, as contended by the defendant’s counsel, at the time of the attachment.
But this objection has no soundness. The thing which is taken by attachment is the same thing which is afterwards to be seized on execution. If it is in better plight, it is so much the better for creditor and debtor ; as it will pay more of the debt, and, if there be an overplus, it goes to the debtor. The expense of keeping, as was settled in the case of Sewall vs. Mattoon,(1) is always eventually a charge upon the "debtor ; for the officer, if he pays that expense, will deduct it from the proceeds, before he pays them over to the creditor ; and so much less of the debt will, therefore, be paid. The debtor may, at any time, relieve himself from the burden of paying for the keeping his stock under attachment, by paying his debt and relieving the attachment. Or he may do what is usually done, and what was, doubtless, done in the present case, give security to the officer, and maintain and use the stock himself; this being at the risk of the officer, as between the creditor and himself;† but against which risk he may always obtain indemnity, or take the stock into his own custody.
It was further objected, that the jury disregarded the testimony of several witnesses, as contained in their depositions, relative to the value of the stock ; and that they chose to rely altogether upon the letter of Minott, the deputy, in which he assured the plaintiff that he had full security for his execution.
Minott's letters being legal evidence, the objection fails ; as the jury, undoubtedly, had a right to prefer his confession as to the value, to the uncertain opinions of witnesses, who might have had little knowledge of the subject, or might have formed their opinions with a particular view to the nature of the transaction.
[*169] *It was also objected, that the opinion of the judge, as given to the jury, that the continued solvency of the judgment debtor ought not to be considered in mitigation of damages, was incorrect.
*149 But we are well satisfied with this opinion. Indeed, it would be extremely mischievous, to permit an officer to excuse himself, or even to alleviate the damages consequent upon a wilful neglect of duty, by showing that the creditor may still, by a new process, or by a new execution, obtain satisfaction of his debt. The very fact, attempted to be used in mitigation of damages, aggravates the mis conduct of the officer. For, if the debtor is able to pay, he ought not, under any pretext, to return the execution unsatisfied. But, if he chooses not to levy upon the property attached, he should, in such case, obtain the money of the debtor, and pay it over to the creditor. Were he allowed to neglect his duty, and then justify himself, in whole or in part, by proving the debtor able to pay ; a wide door would be opened to collusive practices between officers and debtors, and an execution, instead of being finis et fructus legis, would be but a troublesome and expensive formality.
The last objection, however, we think ought to prevail ; namely that there was evidence contained in some of the depositions, that a part of the property attached did not belong to the debtor. According to the case of Fuller vs. Holden,(2) this would be a good defence for the officer, as far as it would go ; and, although the evidence was slight, and of a suspicious nature, and probably would not have obtained credit with the jury, yet, as it was not fully left to their cpnsideration, the verdict must be set aside, and a

New trial granted.

 Yabsley vs. Doble, 1 Ld. R. 190.— Drake vs. Sykes, 7 D. & E. 117. — Evans vs. Sweet, 1 Car. & P. 227. — 2 Phil. Ev, 7th ed, 379, 380. — North vs. Miles, 1 Campb. 389.—Bowsker vs. Calley, 1 Campb. 391. — Saunderson vs. Baker, 2 Bl. 832. — Mott vs. Kip, 10 Johns. 478. — Kempland vs. M’Cauley, Peake, Cas. 65. — Aza & al. vs. Eitlinger, Antk H. P. 74, n. a. — Wheeler vs. Hambright, 9 Serg. & R. 390

 8 Mass. Rep 535.

 Phillips vs. Bridge, 11 Mass. Rep. 242. — Congdon vs Cooper, 15 Mass. Rep. 10

 4 Mass. Rep 498.