SIMEON RYDER *et al.*, plaintiffs in error, *v.* NATHANIEL BUCK-MASTER, defendant in error.

*Error to Madison.*

In an action against a sheriff, for malfeasance in office, the deputy of the sheriff is a competent witness against him.

Although the statute declares that the personal property and the lands on which the defendant resides, shall be last taken in execution, yet, when for want of lands, an execution is levied upon personal property, the subsequent acquisition of the title to lands by the defendant, cannot annul the levy, or divest the title thus acquired by it; nor would the officer be justified in releasing the property taken in execution.

*Semble,* That not only may a deputy sheriff be a witness against his principal, but his declarations, so far as they constitute a part of the act for which the sheriff is responsible, may be given in evidence against him.

THIS cause was heard in the Court below, at the February term, 1840, before the Hon. Sidney Breese. Judgment was rendered for the defendant. A motion was made to set aside this judgment, at the August term, 1840, which was refused. The plaintiffs brought the cause to this Court by writ of error.

A. COWLES and JOHN M. KRUM, for the plaintiffs in error, contended,

1. That the testimony of the deputy sheriff was admissible as conducing to prove the issue. This being an action for neglect of duty, the evidence was directly pertinent.

2. An action lies against a sheriff or other officer as well for an omission of duty, as for a false return. 7 Mass. 123, 388; 1 Conn. 347·; 7 Wend. 286, 236; Platt *v.* Sherry, 5 Johns. 125; 1 Hall 595; 6 Mass. 242; Law Library, Watson on Sheriff, 60.

3. It was competent, notwithstanding the sheriff's return of the levy upon the land, to prove a neglect of duty. Law Library, Watson on Sheriff, 52.

4. The return of the sheriff is never conclusive in an action against him. Law Library, Watson on Sheriff, 52; 4 Mass. 478; 9 Mass. 96; 10 Mass. 313; 11 Mass. 163; 17 Mass. 591.

5. The defendant having joined issue upon the matters in the replication, it is the right of the plaintiffs in error to be heard in evidence upon that issue.

WM. MARTIN, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the (old) Court:

This was an action on the *case*, against the defendant below, as sheriff, for neglect of duty in failing to make the money upon a writ of *fieri facias* in his hands, in favor of the plaintiffs, and against Holderman & Lawrence, which, as is alleged, he might have done, the defendants in the execution having sufficient goods

and chattels to satisfy the same, and upon which, in fact, it was levied, but the sheriff suffered the same to be eloined and lost. The defendant pleaded not guilty, and a special plea, alleging that he levied the execution referred to, on the real estate of the defendants, which was returned with an endorsement thereon, but what the endorsement was, does not appear. To this plea the plaintiffs replied, admitting the levy, &c., but alleging that prior to such levy, the defendant had levied the execution upon sufficent personal property, and that at the time the defendants in the execution had no real estate ; yet the defendant released the goods and chattels taken in execution, and erased the endorsement of the levy from the execution.

To sustain the issue thus made up, the plaintiffs, after proving the regularity of the judgment, &c., against Holderman & Lawrence, and that an execution was put into the hands of Solomon Wooters, who was then, and for some months after, the deputy sheriff, and that Holderman & Lawrence had at the time the execution was in the deputy's hands, goods, wares, and merchandise in the county of Madison, to the value of $1200, called the said Wooters, and interrogated him as to the declarations of the defendants in the execution, that they had no lands upon which the same could be levied ; whether he levied the execution upon five boxes of merchandise, and endorsed the levy upon the execution ; also, if he delivered the execution to the defendant, and if the endorsement was afterwards erased from the same ; and what had become of the goods levied on. To all these interrogatories, the defendant's counsel objected, and the Court sustained the objection.

The correctness of this decision of the Court, in rejecting the testimony offered by the plaintiffs, is the only one necessary to be examined. That the testimony was pertinent to the issue, admits of no doubt ; but it is contended that it was not competent for the plaintiffs, in this form of action, to deny the truth of the sheriff's return, and also that the deputy sheriff is not an admissible witness against his principal.

With regard to the first of these positions, it is sufficient to observe that it is without force or application to this case, inasmuch as neither the plea of the defendant, nor any other part of the record shows what return was made by the sheriff. The testimony cannot, therefore, be considered as contradicting that which is not affirmed. And the objection to the admissibility of the deputy sheriff's testimony, is equally untenable ; all the facts sought to be elicited were material and pertinent to the issue, and the witness had no interest to subserve in answering them ; nor does there exist that confidential relation between the deputy sheriff and his principal, which exists between an attorney and his client, and which should exclude him from testifying against his principal. But by analogy to the case of an agent and principal, a deputy sheriff cannot only testify against his principal, but even the declarations of a

sheriff's officer, so far as they constitute a part of the act for which the sheriff is responsible, may be given in evidence against his principal. (1)

For these reasons the Court below erred in refusing to allow the witness, Wooters, to answer the questions asked him. Without, therefore, adverting to any of the other points raised in the argument of the cause, this would dispose of it; but as it must be remanded for further proceedings in the Court below, it may be proper to settle another question that will necessarily arise in a future investigation. The allegation of the plea of the defendant, that the execution was levied upon land, is admitted by the replication, but insisted to be illegal, in consequence of the previous levy upon personal property. This view of the subject is correct. Although the statute declares that the personal property and the lands on which the defendant resides, shall be last taken in execution, yet, when, for want of lands, an execution is levied upon personal property, the subsequent acquisition of title to lands by the defendant, cannot annul the levy, or divest the title thus acquired by it; nor would the officer be justified in releasing the property taken in execution. The statute must be understood as having reference to the situation of the defendant at the time the execution is levied. To give it any other construction would lead to embarrassment and delay in carrying into effect the judgments of the Court.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

(1) 1 Stark. Ev. 80; 10 Johns. 478; 12 Mass. 163.