SMITH & al. *versus* BODFISH.

A deputy sheriff who attaches personal property on mesne process, is bound to keep it for thirty days after the judgment, and deliver it on demand to any officer having the execution, and authorized to receive it, notwithstanding he ceased to be a deputy after the attachment, and before judgment.

And where the same deputy who made the attachment, was a coroner when the execution was put into his hands, with orders to satisfy it from the property attached, and had ceased to be a deputy, and he did not apply the property to satisfy the execution; in an action against the *sheriff* for such neglect, his return upon the execution is admissible so far as it relates to a demand of the property.

But in *such action*, the acts and declarations of the deputy, after his official term had ceased, are not admissible, unless they refer solely to the official duty remaining upon him to perform. His declarations or his letters as coroner, respecting his *past acts* as deputy, cannot be given in evidence.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

This was an action against the defendant, as sheriff, for the default of his deputy, Joseph Nudd, in neglecting to

keep property attached on the plaintiff's writ, against *Josiah P. Churchill & al.,* for thirty days after judgment.

The general issue was pleaded, and a brief statement filed, that the property attached belonged to Churchill alone, and was exhausted in satisfying the demands against him, on which it had first been attached.

The return of Nudd, on plaintiff's writ, showed that the attachment was made, subject to other attachments against *Josiah P. Churchill.*

After making those attachments, Nudd ceased to be a deputy, and when the plaintiffs obtained judgment in their suit against *Josiah P. Churchill & al.,* coroners only were authorized to serve writs and collect executions. Nudd was then a coroner, to whom was sent the plaintiff's execution, within thirty days from the rendition of judgment, with orders to apply in satisfaction the property attached on the writ.

Nudd made a return on the execution, as coroner, but dated more than thirty days after the judgment, setting forth that he "had made diligent search for property of defendant, within his precinct, and could find none wherewithal to satisfy the execution; that the property attached on the original writ was made subject to a previous attachment and had been appropriated to the payment of the execution issued upon the judgment recovered thereon."

This return was a part of the evidence offered by plaintiff, and received against the objection of defendant.

Nudd wrote a letter to plaintiff's attorney, acknowledging the receipt of the execution, within thirty days after the judgment, and in it stated that the property attached on the writ was subject to prior attachments on writs against *Churchill,* on which judgments had been obtained, and the property had been appropriated towards their payment, but was insufficient.

This letter was admitted against the objection of defendant.

Evidence was introduced tending to show that the pro-

perty attached was partnership property, and on the contrary that it was not.

The jury were instructed that if the goods were the property of the partnership at the time of the first attachment, the property should first be applied to the partnership debts; that objection was made that there was no demand on Nudd, who it appeared was a coroner; that if the execution was put into his hands, as a coroner, within the thirty days, with orders to apply the property on the execution, they were authorized to consider that as a sufficient demand on Nudd, the deputy sheriff, they being the same person; *that*, if the jury found that the property was partnership property, and these plaintiffs were creditors of the partnership when they made their attachment, they were entitled to have the property applied on their execution in preference to the defendants, and that the burden of proof was on the plaintiffs to show it was partnership property.

A verdict was returned for plaintiffs, and the defendant excepted to the rulings and instructions.

*Shepley & Dana*, in support of the exceptions.

*Fessenden & Butler, contra.*

SHEPLEY, C. J. — The suit is against the defendant as sheriff of the county of Kennebec, for the neglect of his deputy, Joseph Nudd, to keep and deliver certain property attached by him on a writ in favor of the plaintiffs against Josiah P. Churchill & al. When the attachment was made, on Jan. 7, 1853, the defendant was sheriff and Nudd was his deputy. Judgment was recovered on Nov. 4, and an execution issued thereon on Nov. 23, 1853. Before that time the defendant ceased to be sheriff and Nudd to be a deputy. The office of sheriff was then vacant, and Nudd was a coroner.

It was the official duty of Nudd, as a deputy, to keep the property attached for thirty days after judgment and to deliver it upon demand to any officer having the execution with authority to receive it, although he did not continue

to be a deputy. *Morse* v. *Betton*, 2 N. H. 184; *Morton* v. *White*, 16 Maine, 53; *Lawrence* v. *Rice*, 12 Met. 527. The two cases last named decide, that a demand may be waived by a deputy after he has ceased to be in office; and a demand or waiver of it must be proved, before the sheriff can be rendered liable for such default of his former deputy.

· The return made by Nudd as coroner on that execution was properly received as testimony. Bearing date on Dec. 5, 1853, it did not show, that a demand of the property had been made within thirty days after judgment. The statement made in it, respecting the disposition of the property, was made by Nudd as coroner, for which the defendant was not responsible.

To prove a demand made upon Nudd for the property in season, or a waiver of it by him, a letter addressed by him to the attorney of the plaintiffs, bearing date on Sept. 30, 1853, was received as testimony, objection having been made to its introduction. It is signed by Nudd without stating the capacity in which it was written. It contains a statement, that he had received the execution with orders to satisfy it out of the property attached. It is evident, that this was not made as a deputy or agent of the defendant. In such capacity he had no right to receive the execution, or to make any acknowledgment respecting it. That statement appears to have been made in his capacity of coroner. He then proceeds to state how he had attached the property, and what disposition he had made of it. This presents him making declarations respecting his acts as a deputy, after he had ceased to be such, except for the special purpose of keeping and delivering the property. Such declarations made after his official agency had terminated, respecting his past official acts, might bind him, but the defendant could not be affected thereby. *Gooch* v. *Bryant,* 13 Maine, 386; *American Fur Company* v. *The United States,* 2 Peters, 358; *Cooley* v. *Norton,* 4 Cush. 93.

Letters of a deputy were admitted, in the case of *Tyler* v. *Ulmer,* 12 Mass. 163, to charge the sheriff; but they ap-

pear to have been written, while he was a deputy and had the execution for service.

In the case of *Mott* v. *Kip*, 10 Johns. 478, the declarations of a deputy were held to be admissible to charge the sheriff. But they appear to have been made "in relation to the business of the execution and while the obligation of executing it existed in full force."

In the case of *Savage* v. *Balch*, 8 Maine, 27, the declarations of a deputy were admitted, but they appear to have been made while he was acting officially in the execution of his precept.

The defendant is not responsible for any acts or declarations made by Nudd, when he was not his deputy, and which were not made respecting the only official duty remaining for him to perform. The statements made by Nudd, respecting his doings as a deputy, have reference to his past acts, and not to the only official duty remaining to be performed, that of keeping and delivering the property; and they were not therefore admissible as testimony. This distinction appears to have been disregarded at the trial.

*Exceptions sustained, verdict set aside,*

*and new trial granted.*