Stjtlot?, J.
The proceedings shown by the record were, under section 31 of the act regulating judgments and executions, passed March 1, 1831. The section provides, that any sheriff, for certain delinquencies of duty therein named, upon due notice given him, shall be liable to amercement in the amount of debt, in respect to which his delinquency occurred, and costs, and also ten per centum thereon.
The statute is highly penal in its provisions. It is therefore incumbent on the party, seeking to enforce its provisions, to make a case clearly within the letter and spirit of the statute.
The application of this rule, respecting the construction of penal statutes, is peculiarly applicable to such proceedings in amercement against sheriffs. The proceeding is a summary one, and without the benefit of trial by jury; and the penalties of the statute, when shown to have been incurred, must necessarily be adjudged against the sheriff unconditionally and without the exercise of the discretion of the court, allowed in most other cases.
What, then, are the facts, as shown by the record before us, reEed upon by the defendant in error to sustain the judgment, and to what extent is the return of the sheriff to be regarded as evidence in the case ?
Where a writ of execution has been returned, it becomes, with the return thereon,• part of the record, and, when properly au-' thenticated, is admissible in evidence, the same as any other part of *65 the record. Pigot v. Davis, 3 Hawks, 25; Frost v. Shapleigh, 7 Greenl. 236. And at common law, an averment, it was said, did not lie against the sheriff’s return, for the reason that he is a sworn officer to whom the law gives credit. But when the sheriff made a false return upon a writ, an action might have been ^brought against him, at common law, for the falsity; and in such an action, the sheriff’s return might be traversed. Jenk. 143, pl. 98.
In the diversity of authorities upon the subject, there has been supposed to be some difficulty in determining what the general rule is, as to the effect of á sheriff’s return. It is certain that his return may be conclusive upon certain persons and for certain purposes, while not conclusive upon other persons for other purposes. In the case of Bott v. Burnell, 11 Mass. 163, the return of the sheriff as to the formal proceedings by the appraisers and himself in executing his writ, was held to be conclusive, and not to be disproved or controlled by other evidence, on the part of the debtor or creditor, or those claiming under them, respectively. And in the case of Brown v. Davis, 9 N. H. 76, from a somewhat extensive examination of the eases, the conclusion expressed by Chief Justice Parker is “ That, between the parties to the suit and those claiming under them as privies, and all others whose rights and liabilities are dependent upon the suit, as bail and indorsers, the return of the sheriff, of matters material to be returned, is so far conclusive evidence, that it can not be contradicted for the purpose of invalidating the sheriff’s proceedings, or defeating any right acquired under them. But such return is not conclusive as to third persons whose interests are not connected with the suit, but which may be affected by the proceedings of the sheriff; nor as to collateral facts or matters not necessary or proper to be returned.” And this distinction is apparently supported by both English and American cases. See Cro. Eliz. 780, The Lady Russell and Woods case; Dominus Rex v. Minify et al., Strange, 642, and Rex v. Elkins, 4 Burr. 2129; Gyfford v. Woodgate, 11 East, 299; Hyskill v. Givin, 7 Serg. & Rawle, 371; Dutton v. Tracy, 4 Conn. 94.
It is true, that there are cases to be found where the return of .he sheriff has been held to conclude persons who were, strictly, neither parties nor privies. See Goodall v. *Stuart, 2 Hen. & Munf. 105. But it may certainly be regarded as a general rule,, with few exceptions, that the return of the sheriff is only prima *66 facie evidence to affect strangers ; and that they may vary or contradict it by parol evidence. Bloxham v. Oldham, 1 Burr. 22, 32; Alworth v. Kemp, 1 Doug. 40, 43; Caldwell v. Harlan, 3 Mon. 349; Bott v. Burnell, 9 Mass. 96; Field v. United States, 9 Pet. 183; ’Whiting v. Bradley, 2 N. H. 82.
A sheriff is generally concluded by his own return, and is not ¡admitted to vary or controvert it by evidence aliunde. Thus when ¡the sheriff had returned upon his warrant of distress, that he had -advertised the goods taken, twenty-four hours before the sale, in an action of trespass against him for the taking, he was not permitted to offer proof that he in fact advertised forty-eight hours before the sale. Parington v. Loring, 7 Mass. 388.
In actions brought against sheriffs, their returns, when appearing upon their face to have been regularly made, are generally prima facie evidence in their favor. And even in actions brought -expressly for a false return, it is said the onus lies upon the plaintiff. Stanton v. Hodges, 6 Vt. 66; Davis v. Johnson, 3 Munf. 81; Lias v. Badger, 6 N. H. 293.
But a return of an officer, in order to be evidence as a return, must be official. Thus it has been held that a sheriff can not make his return on an execution evidence of his having paid to the plaintiff the amount collected upon the execution. “ Such a return,” say the court, “ is not commanded to be made by the writ, nor is it authorized by the law.” First v. Miller, 4 Bibb, 311; Custor v. States, 1 Maul. & Selw. 509. And yet a fact unnecessarily or improperly returned, may, as a written acknowledgment, be evidence against the officer making it. 4 Conn. 356. But a sheriff can not incorporate the statement of an excuse or apology for the non-performance of his duty into his return, so as to thereby make the same evidence in *his own favor. Bruce v. Dryall, 5 Mon. 125. The authorities are, however, not uniform as to what •statements, as a cause for not executing the writ, are admissible .and proper to be stated in a return.
In the case of Payne v. Cowan, 1 J. J. Marsh. 13, the return of the sheriff was as follows, to wit: “ Levied on one negro boy, Tom, .as the property of T. G-. Payne, advertised and sold on the 28th of •October, 1826, and H. T. Woolfolk became the purchaser for §145, which leaves a credit of §137.75. The money not paid, and not time to levy the balance.” The court say of the return, that so far ¡as acting in conformity to his duty and the authority given him by *67 the execution, the return of the sheriff is evidence of what was done. But the court add, as to the words “the money not paid:” |“In this he departed from his duty, and had no authority to make 'such a return, and therefore, we conceive, it should have been disregarded by the court.”
The same doctrine is expressed by the Supreme Court of Indiana, in the case of Andrew and others v. Parker, 6 Blackford, 461. The action was brought by the plaintiffs against a constable for an alleged false return of an execution, “in this, to wit, that the same had been returned by the order of the plaintiffs therein named, . when, in truth and in fact, the said plaintiffs never did order said writ to be returned.” The defendant pleaded “that the return snade by him on said capias ad satisfaciendum was not fals.e, as alleged in said scire facias.” The question presented in the case was, whether the return of the constable should be regarded as prima facie evidence of the fact, so as to impose the burden of proof upon the plaintiff.” The court say: “ That the returns of sworn officers are, in actions by or against them, prima facie evidence of their official acts, may be true. Such was held to be the law in Bruce v. Holden, 21 Pick. 187. If the rule were not so, it would be impossible for officers to- establish such acts. But the fact proposed to be proved by the return in the present instance—-*the direction of the execution plaintiffs to the constable—was not an official act; nor was it of such a character that the safety of the officer •required that it should be proved by his return. As he relied upon it as an excuse for not executing the writ, and as he could easily ■have furnished other'proof of its existence, had he seen fit, we think he was bound to do so. It would be dangerous,” the court add, “ to permit an officer to screen himself, for neglect of duty, by .simply making a return that ho acted under the direction of the injured party. And if such a return is to be evidence, even prima Jade, of the fact, it would effectually screen the officer, in most cases of neglect; for it would generally be utterly impossible to prove its falsity.”
But in the case of Broving and others v. Hanford, Sheriff, etc., 7 Hill, 120, it was held that the return of a sheriff upon a Ja., after ■the statement thereon of a “ levy upon divers dry goods, groceries, ■etc., and an advertisement to sell the same, that before -the expiration of the time mentioned,” etc., “the goods and chattels were casually consumed by fire with the building,’.’ etc., was prima fade *68 evidence of the fact, in favor of the sheriff. And this would seem to be in analogy to the English cases. Thus, in the case of Conmagh v. Collett, 4 Barn. & Ald. 280, it was held, that a return that “ the defendant was sick, and unable to be removed without danger of his life, is a good return. And so in the case of May v. Proley, Cro. Jac. 419, a return that the defendant was rescued out of the-custody of the sheriff, was held good. So, too, it has been held a good return that the defendant overpowered the officer and rescued himself. See Fermon v. Phillips, Holt’s N. P. C. 537, and Rex v. Sheriff of Middlesex, 1 Barn. & Ald. 190. And in the case of Gyfford v. Woodgate and another, 11 East, 297, it was held that a return upon a first and alias ft. fa., that he had foreborne to sell under the first and had sold under the second writ, by the request and with the consent *o/ the judgment defendant, was prima facie evidence of such facts.
It is obviously true, that a sheriff’s return can only be his official answer to the precept. If it be matter irrelevant to the duty enjoined upon him, or impertinent, it can not properly be regarded his official report or answer to the precept. But there may be cases-where great injustice would be done the sheriff, in not permitting him to extend his official report or return, to a statement of such facts and circumstances as express an honest and legal excuse for not having executed the writ by a strict obedience to the precept. To a certain extent, the sheriff may be said to act as an agent of the execution plaintiff, as well as the ministerial officer of the court; and to that extent, a conformity to his jDerinission, direction, or orders, constitutes a legal justification to the sheriff in departing from the strict language of the mandatory writ.
But it is not necessary, in this case, for the court to determine the question whether the plaintiff should himself have entered his-permission or order to the sheriff upon the writ, or have expressed the same in writing; or whether the sheriff may properly so have stated the same in his return. It is, at most, only a question of proof. If the fact is legally proven, its effect must be admitted to excuse the officer.
The amended return, as shown by the record, was at least valid to nullify the former return of the sheriff that he had made the money. The return, as amended,'recites the fact that, by the order of the plaintiff and defendant in the execution, he had sold the goods levied upon on a credit. The sheriffs return, thus amended, *69 »lid not return an official sale, nor tbe receipt of the $1,382.62, for which the notice and motion show the plaintiff in execution was proceeding to obtain the amercement. And after the amendment by the sheriff, showing by his return only $104.08 in his hands, the plaintiff neither asked nor obtained leave to amend his motion, but proceeded to trial upon the same. *This he had a right to do. But he could only, in law, entitle himself to a judgment by proof ■of the cause alleged, as stated in the motion. And that cause was the, withholding of the amount upon, the execution, to wit, $1,382.62. The proof did not show that the sheriff received that sum; nor did it show that he sold but a very small amount of the goods and •chattels officially, according to the command of his writ. As sheriff, •acting strictly as the ministerial officer of the court, he could only have sold for ready money. If the parties to the execution saw fit to so far constitute him their agent to sell the goods upon a credit, at auction, to thereby increase the proceeds of the sale, they certainly had the right, and it might have been laudable for the plaintiff and judicious for the defendant in execution to do so; but it is very certain, that the acts of the sheriff in so selling did not continue to be official in that strict sense that would make his bail responsible for any liabilities he might thereby incur. If the sheriff ■should, after such sale upon credit, in such a case, receive the money .and neglect or refuse to pay the same over, an action for money had and received might lie against him, but not a proceeding in amercement, so as to thereby charge his sureties. Eor, although section 31 provides for the amercement of the shex-iff when he shall refuse or xxeglect, on demand, to pay over to the plaintiff, etc., “.all moneys by him collected or received for the use of said party,” it evidently has respect only to an official collection. And this construction is rendered still more evident by section 36, which provides that in all such eases of amercement, the sureties of the sheriff may be made parties to the judgment by scire facias. And it is thereby also provided, that the sureties shall set up no matter previous to the judgment against the sheriff as a defense to their being •so made subject to the jxxdgment.
"We are clearly of the opinion, therefore, that in no case could the sheriff, under the facts shown by the record, have been legally .amerced for the amount so due upon the ^execution for not paying the amount, after the property levied upon had been so sold on time by direction of the parties. And such we understand, to *70 have been substantially the holding of this court in the case of Webb v. Anspach, Brother & Co., 3 Ohio St. 522.
The record shows that the sheriff had made a small amount of the execution by sale of part of the goods, before the arrangement was made by the parties to sell on credit. It seems, for that amount,, the sheriff had been notified and enjoined from paying over. What the final order has been in the actions so enjoining him, the record does not show. If the final disposition of the injunction cases has-left the money in the hands of the sheriff, and proof should show a wrongful detaining of the money by him, within the meaning' of the statute, we think the defendant should not be prejudiced, by a final disposition of the case here, as to his rights in that regard.
The judgment of the court of common pleas must, therefore, for-the reasons stated, be reversed, with costs; and the case must be-remanded to that court for further proceedings.

Judgment accordingly.

Brinkerhoee, C. J., and Scott, Peck, and Gholson, JJ., concurred.