The State of Delaware for the use of Theodore Bishop and Thomas Thatcher trading under the name and style of Bishop & Thatcher, v. Thomas M. Ogle, James Caulk, James W. Ball, Isaac Grubb, James H. Ray and Thomas J. Moore.

A sheriff who has returned to a writ of foreign attachment duly endorsed thereon that he had taken the goods of the defendant in the attachment, is not thereby estopped in an action by the plaintiff in the writ against him on his official recognizance for permitting the goods so taken by him, to be removed from his custody, possession and bailiwick, from pleading in his defence to such action, that the defendant in it had no property in the goods so taken, and denying that he had any right, or title in the same, but in point of fact belonged at the time to another person.

This case was brought up from New Castle County for hearing before all the Judges in the Court of Errors and Appeals on questions of law reserved. The action below was on the official recognizance of Thomas M. Ogle, late sheriff, and his sureties, and the declaration alleged the cause of it to be that the plaintiffs had sued out of the Superior Court in and for New Castle County a certain writ of *foreign attachment,* number 75, returnable to November Term 1858, which was directed to the said Thomas M. Ogle as sheriff of the said county, whereby he was commanded to attach John W. Southall by all his goods and chattels &c., in whose possession soever the same might be found within his bailiwick, so that he should be and appear before the Judges of the said Superior Court on the first day of the November Term aforesaid to answer the said plaintiffs and to have them there, and being so commanded by the said writ of foreign attachment, that he afterward as sheriff as aforesaid levied upon, attached and took into his actual possession and custody as sheriff as aforesaid, by virtue of said writ, certain property of the said John W. Southall, consisting of a certain steam-vessel of the value of fifteen thousand dollars and made return of his proceedings under the said writ to the term

of the court aforesaid, to wit, that he had attached goods and chattels as per inventory and appraisement annexed, *prout* said writ and the return thereof. That the plaintiffs in the said writ of foreign attachment afterward at the May Term 1859 of said Superior Court obtained judgment by default thereon against the said John W. Southall for want of an appearance, no appearance having been entered on behalf of the said defendant, and the said attachment on the said goods and chattels therefore remained undissolved and binding upon them. That the amount of the said judgment was afterward ascertained on a writ of inquiry at the November Term 1859 of said court and was found to be six hundred and twenty-five dollars and sixty cents with interest from May 14th, 1859, and thirty dollars and thirty-one cents costs, due to the said plaintiffs from the said defendant, whereupon on the return of the said writ of inquiry judgment was rendered by the said court for the said sums, principal, interest and costs, in favor of the said plaintiffs against the said defendant, and which said judgment still remains in full force and effect and in no wise satisfied or vacated, *prout* &c. That to execute the said judgment, a writ of *fieri facias* number 255 to May Term 1860 of said court was sued out of said Superior Court by the said plaintiffs and directed to Abraham Cannon, then the sheriff of the said county, commanding him as in the said writ is directed, that of the goods and chattels, lands and tenements of the said John W. Southall, he cause to be made the said debt and costs in said judgment mentioned and contained, to which said writ of *fieri facias* the said sheriff had made return at the May Term 1860 of said court, that the said John W. Southall had no goods and chattels, lands or tenements in his bailiwick whereof he could cause the money and the debts and costs aforesaid to be made. And upon this statement of facts the breach assigned in the declaration was that after the seizure of the said steam-vessel as aforesaid by the said Thomas M. Ogle as sheriff as aforesaid under and by virtue of the said writ of foreign attach-

ment, on the fourteenth day of August, A. D. 1858, to wit, at the county aforesaid, he the said Thomas M. Ogle, having the said steam-vessel in his custody and actual possession as sheriff as aforesaid, without the leave and license and against the will of the said plaintiffs, suffered and permitted the said steam-vessel to be removed out of his custody and possession, and the same was then and there removed out of his custody and possession and out of his bailiwick, he then and there being sheriff as aforesaid; wherefore he the said Thomas M. Ogle as sheriff as aforesaid did not then and there well and truly serve and execute the said process, to wit, the said writ of foreign attachment so directed as aforesaid, but therein made default and was guilty of laches as aforesaid, &c.

To this declaration several pleas were pleaded on behalf of the defendants, but it is not material in this report to notice more than the following: Plea VI. *Actio non* &c. Because the defendants say that the said steam-vessel was not at the time the same was so attached by the said Thomas M. Ogle as sheriff as aforesaid under and by virtue of the said writ of foreign attachment, nor at any time afterward, the property of the said John W. Southall, the defendant in the said writ; and this they are ready to verify &c. Plea VII. *Actio non* &c. Because the defendants say that the said steam-vessel at the time the same was attached by the said Thomas M. Ogle as sheriff as aforesaid, under and by virtue of the said writ of foreign attachment, was the property of a certain Thomas W. Badger, and that the said Thomas W. Badger so being such owner of said steam-vessel, after the same had been attached as aforesaid, took the same out of the possession and custody of the said Thomas M. Ogle as sheriff as aforesaid; and this they are ready to verify &c. To these two pleas the plaintiffs replied specially the said writ of foreign attachment issued to the said Thomas M. Ogle as sheriff as aforesaid and his return endorsed thereupon as aforesaid, and that the same was an estopple to the said sixth and seventh pleas and the matters therein alleged

and could not be contradicted by them ; and of this the plaintiffs pray judgment &c., and traversed all the other pleas generally. To these special replications of the plaintiffs to the sixth and seventh pleas of the defendants, the latter demurred generally and the plaintiffs joined in the demurrer.

And now, to wit, this 9th day of May, A. D. 1861, it being requested by the parties to this suit through their counsel respectively that the following questions arising upon the record of the pleadings in the cause, be reserved for hearing before all the Judges in the Court of Errors and Appeals, to wit :

First—Whether by the writ of foreign attachment set forth in the declaration issued to the defendant, Thomas M. Ogle, as sheriff of New Castle County and his return endorsed upon the same, he is estopped from pleading in defence to this action the matters set forth in the sixth and seventh pleas respectively ?

Second—Whether upon the facts set forth in the declaration the plaintiff is entitled to recover in this action ?

The counsel for the plaintiffs submitted the following points and authorities before commencing his argument. The return of the sheriff endorsed upon a writ duly issued to him, is conclusive upon him as to all the facts therein stated.   He is estopped from impeaching, or denying the truth of his own formal, solemn and official return ; and it cannot be gainsayed, or denied except by a direct proceeding to reform or correct error in the process. 5 *Phil. on Ev.* 391, 394. 2 *Greenl. Ev. sec.* 589. *Wats. Law of Sheriff* 72. (7 *Law Libr.* 43.) *Shaw v. Simpson,* 1 *Ld. Raym.* 184. *Cleve v. Wishers,* 2 *Ld. Raym.* 1072. *Townsend v. Olin,* 5 *Wend.* 207. *Magne v. Lemour, Ibd.* 309. *Baker v. McDuffie,* 23 *Wend.* 289. *Armstrong v. Garrow,* 6 *Curm,* 465. *Faishe v. Birch,* 3 *Camp.* 397. *Dale v. Birch, Ibd.* 347.

The sheriff's return is part of the record; it imports verity and cannot be collaterally impeached. *Farmers' Bank v. Gardner's Admr.* 4 *Harr.* 453.

The counsel for the defendants submitted the following : The sheriff's return to an attachment that he has attached

goods of the debtor is conclusive only as to the fact that an attachment was made; but not as to the debtor's title. And the sheriff in an action against him is not estopped by his return from proving that the goods attached were the property of another person and not of the debtor. On this point and as to returns generally and how far conclusive, he cited, 4 *Phil. Ev.* 801,—2 *in notes. Sly v. Finch,* Cro. Jac. 514. *Denton v. Livingston,* 9 Johns 98. *Williams v. Cheesborough,* 4 Conn. 356. 2 *Greenl. Ev. sec.* 588. *Bridges v. Walford,* 2 *Eng. C. L. R.* 440. *Hopkins v. Chandler,* 2 *Harris,* 299. *Fuller v. Holdick,* 4 *Mass.* 498. *Tyler v. Ulmer,* 12 *Mass.* 162. *Learned's Admx. v. Bryant,* 13 *Mass.* 223. *Denny v. Willard,* 11 *Pick.* 519. *Canada v. Southwick,* 16 *Pick.* 556. The facts alleged in the narr do not constitute a breach of the sheriff's recognizance. It is not sufficient to allege that the sheriff before the judgment permitted the attached property to be taken out of his custody and bailiwick, but it must appear by averments that the property was not forthcoming to respond to the judgment. Without this no damage accrues, and even a breach of official duty is not actionable without damage to the party. *Plank v. Anderson,* 5 *T. R.* 37. *Williams v. Mastyn,* 4 *M. & W.* 144. *Wylie v. Birch,* 45 *L. C. L.* 565.

Whether the attached property was, or was not forthcoming to respond to the judgment, was legally ascertainable on an order of sale directed to the attaching officer, and not by a writ of *fieri facias* to his successor in office, as the property could not be sold under such writ. And even if it could have been sold under such writ, it is not averred that it was not forthcoming to be levied on and sold under the *fi. fa.*

*D. M. Bates,* attorney for the defendants: We have demurred generally to the special replications of the plaintiffs to our sixth and seventh pleas, and the questions of law reserved in the case arise on this general demurrer in which the parties have joined.

The liability of an officer who takes property on legal process, is for the forthcoming of it to answer the exigency of the writ. In this case the sheriff took a steam-vessel on a foreign attachment to be forthcoming to answer the judgment which was afterward recovered in the suit by the plaintiffs ; and he was not liable in the present action, unless it afterward appeared that the vessel was not forthcoming to answer the judgment. It might have been a breach of his official duty to permit the property to go out of his custody, but it will not constitute in contemplation of law a breach—an actionable breach—of his official recognizance at the suit of the plaintiffs, unless it is alleged and appears by proper and affirmative averments on the record of the pleadings, that the property was not forthcoming to answer the judgment, without which no damage in law could accrue to the parties suing.

But is the sheriff estopped, or precluded by his return to the attachment, from denying that the debtor, or defendant in the writ had any property in the goods attached? The return of the sheriff to the writ of attachment in this case was conclusive that he had taken the goods, and that fact could not afterward be controverted. But it would not do to hold that the return was conclusive as to the property, or title of the defendant in the goods, because the sheriff here has no method of determining that question prior to making his return to the writ of attachment, as the sheriff in England may do in similar cases, because to give it such an effect would be to make him a guarantor of the title and property of the debtor, or defendant in the writ in the goods in question to the plaintiff in the attachment. The authorities cited under the first head in his brief heretofore submitted, were amply sufficient to show that the return in this case was not conclusive to this extent, as the court would find on consulting them.

*T. F. Bayard,* attorney for the plaintiffs : We have not only alleged in the narr that the property was taken out of the possession of the sheriff with his knowledge and consent, but that it is not now to be found in his bailiwick.

The sheriff is bound on attachment to seize the goods of the defendant, or he must apply to the court for protection, if the party will not indemnify him ; and he is absolutely bound for the goods so seized at all events. *Wats. on the Law of Sheriffs*, 141. He then proceeded to present the points and to cite the authorities contained in his brief before submitted by him.

*D. M. Bates*, in reply : This is not a question of impeaching the return of the sheriff to the attachment, which was that he had attached the goods, and which was not disputed. But the question is whether in this action he is concluded, or estopped from proving that although he attached, or took the goods, the debtor in the attachment had no right, title, or property in them, but that they belonged to another person, which he assumes the burden and responsibility of proving, and which, if he fails to establish, he cannot escape his liability for the value of them.

The Judges after taking time to consider and advise with regard to the questions of law involved and reserved in the case, directed the following opinion to be certified to the court below.

And now, to wit, this 8th day of June, A. D. 1861, the questions reserved in this cause having been heard before all the Judges of the Court of Errors and Appeals upon argument of counsel, it is considered by the Court that by the writ of foreign attachment set forth in the declaration, issued to the defendant, Thomas M. Ogle as sheriff of New Castle County and his return endorsed on the same, he is not estopped from pleading in his defence to the action the matter set forth in the sixth and seventh pleas respectively, and it is further considered by the Court that upon the facts set forth in the declaration, the plaintiff is not entitled to recover in this action ; and that this opinion be certified to the Superior Court in and for New Castle County.